BLD-240                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1559
_____

LORENZO RUFINO-SILVA, a/k/a Tomas Velasquez,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A088-231-993)
Immigration Judge:  Annie S. Garcy

_____

Submitted on Respondent's Motion for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
July 18, 2019
Before:  AMBRO, KRAUSE, and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed July 19, 2019)
_____

OPINION*
_____

PER CURIAM

     Lorenzo Rufino-Silva petitions for review of an order of the Board of Immigration

Appeals (BIA) denying his motion to reopen.  The Government has filed a motion for

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

summary disposition. We will grant the Government's motion and dismiss the petition for review in part and deny it in part.

Rufino-Silva, a citizen of Mexico, entered the United States in 1998. In 2010, he was charged with being removable because he had entered the United States without being admitted or paroled. An Immigration Judge (IJ) sustained the charge, denied Rufino-Silva's application for cancellation of removal, and ordered his removal, while granting his request for voluntary departure. In June 2014, the BIA affirmed the IJ's decision in all respects.

In June 2018, Rufino-Silva filed a motion to reopen with the BIA. He sought reopening to pursue a new application for cancellation of removal, in which he alleged that his removal would result in an exceptional and extremely unusual hardship to his United-States-citizen son. The BIA denied the motion, concluding both that Rufino-Silva was statutorily precluded from obtaining cancellation-of-removal relief due to his failure to comply with the grant of voluntary departure and that the motion to reopen was untimely.

Rufino-Silva filed a timely petition for review. The Government filed a motion for summary disposition, and Rufino-Silva filed a response in opposition.

We have jurisdiction under 8 U.S.C. § 1252(a) to review the BIA's denial of Rufino-Silva's motion to reopen.[1] The BIA's decision is entitled to "broad deference,"

---

[1] We lack jurisdiction to review the underlying order of removal. See Stone v. INS, 514 U.S. 386, 405–06 (1995).

2

Fei Yan Zhu v. Att'y Gen., 744 F.3d 268, 271 (3d Cir. 2014) (quoting Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir. 2003)), and "will not be disturbed unless [it is] found to be arbitrary, irrational, or contrary to law," id. (alteration in original) (quoting Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004)).

At the outset, we note that, in response to the Government's motion for summary disposition, Rufino-Silva argues exclusively that the removal order should be set aside under Pereira v. Sessions, 138 S. Ct. 2105 (2018), because the notice to appear was defective.[2] However, as he acknowledges, he did not raise this claim before the BIA. Rufino-Silva therefore failed to exhaust this claim, and we lack jurisdiction to review it. See 8 U.S.C. § 1252(d)(1); Lin v. Att'y Gen., 543 F.3d 114, 119-21 (3d Cir. 2008). Rufino-Silva argues that exhaustion would have been futile because the BIA rejected the Pereira argument in In re Bermudez-Cota, 27 I. & N. Dec. 441 (BIA 2018), but "the fact that the BIA has considered and rejected the petitioner's argument in another case will not normally excuse a petitioner's failure to raise it in his own appeal to the BIA." Popal v. Gonzales, 416 F.3d 249, 252–53 (3d Cir. 2005); see also Duvall v. Elwood, 336 F.3d 228, 234 (3d Cir. 2003) (rejecting futility exception). Thus, we will dismiss Rufino-Silva's petition for review to the extent that it raises an unexhausted claim.

---

[2] In Pereira, the Supreme Court held that a notice to appear that omits the time and place of a hearing does not qualify as a "notice to appear under section 1229(a)" for purposes of the cancellation-of-removal statute's stop-time rule. See 138 S. Ct. at 2113–14. We have recently rejected the argument that "a notice to appear that fails to specify the time and place of an initial removal hearing deprives an immigration judge of jurisdiction over the removal proceedings." Nkomo v. Att'y Gen., No. 18-3109, 2019 WL 3048577, at *1 (3d Cir. July 12, 2019).

Before the BIA, Rufino-Silva sought reopening in order to litigate an application for cancellation of removal. By Rufino-Silva's own admission, however, he did not comply with the voluntary-departure order. See A.R. at 43. He is therefore barred from obtaining relief under the cancellation-of-removal statute. See 8 U.S.C. § 1229c(d)(1)(B) ("[I]f an alien is permitted to depart voluntarily under this section and voluntarily fails to depart the United States within the time period specified, the alien . . . shall be ineligible, for a period of 10 years, to receive any further relief under . . . section[] 1229b[.]"). The BIA did not err in denying the motion on the ground that, based on this statutory bar, Rufino-Silva had not made a prima facie case that he was entitled to the relief he sought. See INS v. Abudu, 485 U.S. 94, 104 (1988); Huang v. Att'y Gen., 620 F.3d 372, 389 (3d Cir. 2010).

Nor did the BIA err in determining that the motion to reopen was untimely. In general, a motion to reopen must be filed within 90 days of the removal order. See 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Rufino-Silva filed his motion roughly four years after the issuance of the removal order. While there are certain exceptions to the general 90-day deadline, see 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(3), Rufino-Silva does not rely on any of these exceptions.

Finally, we lack jurisdiction to review the BIA's refusal to reopen sua sponte. See Sang Goo Park v. Att'y Gen., 846 F.3d 645, 651–54 (3d Cir. 2017).[3]

---

[3] While we do possess jurisdiction over such an order if the petitioner establishes that the BIA relied on an incorrect legal premise or has somehow constrained its discretion, see Sang Goo Park, 846 F.3d at 651, Rufino-Silva has not established (or even attempted to establish) that either of these exceptions applies here.

Accordingly, we grant the Government's motion for summary disposition and will summarily dismiss the petition for review in part and deny it in part.