**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1036
_____

S. E. R.L.; Y. N. S.R.; Y. Y. R.L.,

Petitioners

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of an Order of the Board of Immigration Appeals
(Agency Nos. A206-800-692, A206-800-690, A206-800-691)
Immigration Judge: John B. Carle
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 2, 2019

Before: SHWARTZ, FUENTES, and FISHER, *Circuit Judges*.

(Filed November 29, 2019)
_____

OPINION[**]
_____

---

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FUENTES, *Circuit Judge*.

Petitioners S. E. R.L., Y. N. S.R. and Y. Y. R.L. (collectively, "Petitioners") seek review of an order of the Board of Immigration Appeals ("Board") denying their motion to reconsider and terminate removal proceedings. Before this Court, Petitioners argue that the Board erred by not reopening and terminating their proceedings for lack of jurisdiction in light of the Supreme Court's decision in *Pereira v. Sessions*.[1]

For the reasons that follow, we will deny the petition for review.

## I.

Petitioners are natives and citizens of Honduras. In June 2014, Petitioners entered the United States without inspection at Hidalgo, Texas. A short time later, the Department of Homeland Security ("DHS") commenced removal proceedings.

### A. Proceedings Before the Immigration Court

DHS filed notices to appear with the Executive Office for Immigration Review against Petitioners on June 16, 2014, charging Petitioners with removability under Immigration and Nationality Act § 212(1)(6)(A)(i) and 8 U.S.C. § 1182(a)(6)(A)(i), as aliens who were present in the United States without being admitted or paroled. The notices to appear ordered Petitioners to appear at the Immigration Court in Kansas City, Missouri, "on a date to be set" and "at a time to be set."[2] On August 14, 2014, the Immigration Court issued a notice of hearing scheduling Petitioners' hearing for August

---

[1] 138 S. Ct. 2105 (2018).
[2] A.R. 655, 698, 741.

29, 2014. Pursuant to the notice of hearing, Petitioners appeared before the Immigration Judge on the date provided.

Petitioners filed an application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") on June 11, 2015. The Immigration Judge held a merits hearing on September 13, 2016 and later issued a written decision finding that Petitioners failed to show eligibility for asylum, withholding of removal, or CAT protection, and ordered Petitioners removed to Honduras.

## B. Proceedings Before the Board of Immigration Appeals

On October 20, 2016, Petitioners appealed the Immigration Judge's removal decision to the Board.[3] The Board denied the appeal and the motion to reopen on May 3, 2017, and Petitioners filed a timely petition for review of the Board's decision with this Court. We denied the petition for review.[4] In July 2018, before the Board, Petitioners filed a motion to reconsider and terminate removal proceedings for lack of jurisdiction in light of the Supreme Court's decision in *Pereira*.[5] The Board denied Petitioners' motion to reconsider and terminate, stating:

> [A] Notice to Appear that does not specify the time and place of an alien's initial removal hearing vests an Immigration Judge with jurisdiction over the removal proceedings and meets the requirements of section 239(a) of the Immigration and Nationality Act, 8 U.S.C. § 1229(a) (2012), so long as a notice of hearing specifying the information is later sent to the alien.[6]

---

[3] On August 1, 2017, while the petition for review was pending before us, Petitioners filed a second motion to reopen with the Board based on newly available evidence. The Board denied the motion on November 20, 2017. Petitioners did not seek review of this decision.

[4] *See S.E.R.L. v. Att'y Gen.*, 894 F.3d 535 (3d Cir. 2018).

[5] *Pereira*, 138 S. Ct. 2105.

[6] A.R. 6; s*ee also Matter of Bermudez-Cota*, 27 I. & N. Dec. 441, 447 (BIA 2018).

Petitioners then filed the instant petition for review.

## II.

Petitioners bring a jurisdictional challenge and seek review of the Board's denial of their motion to reconsider and terminate. We have jurisdiction under 8 U.S.C. § 1252(a), and our review over Petitioners' legal challenge is plenary.[7] Petitioners maintain that a plain reading of § 1229(a) and *Pereira* reveals that a notice to appear that fails to specify the time and place of an initial removal hearing deprives an immigration judge of jurisdiction over the removal proceedings. Therefore, according to Petitioners, under *Pereira*, the Immigration Judge lacked jurisdiction because Petitioners received a notice to appear that did not include the time and date of their removal hearing. We disagree.

Section 1229(a) requires the issuance of a notice to appear that contains specified information, including the time and place of the initial hearing before the immigration court.[8] In the context of cancellation of removal, the Supreme Court in *Pereira* held that a notice to appear that fails to specify the time and place of removal proceedings "is not a 'notice to appear under section 1229(a)' and therefore does not trigger the stop-time rule."[9]

---

[7] *See Nkomo v. Att'y Gen.*, 930 F.3d 129, 132 (3d Cir. 2019); *Chiao Fang Ku v. Att'y Gen.*, 912 F.3d 133, 138 (3d Cir. 2019).
[8] *See* 8 U.S.C. § 1229(a)(1)(A)-(G).
[9] 138 S. Ct. at 2110-14 (quoting 8 U.S.C. § 1229b(d)(1)(A)).

As we explained in *Nkomo v. Attorney General*,[10] unlike the stop-time rule, which is explicitly tied to the list of elements in 8 U.S.C. § 1229(a),[11] the jurisdiction-vesting regulation of 8 C.F.R. § 1003.14(a), upon which Petitioners rely, does not cross-reference § 1229(a). Rather, it states, in relevant part: "[j]urisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court by [DHS]."[12] A "charging document," in turn, is defined as "the written instrument which initiates a proceeding before an Immigration Judge," and, as relevant here, it must include simply "a Notice to Appear."[13] Therefore, "[a] critical piece of *Pereira*'s reasoning" is not present here because the jurisdictional regulations do not require that a qualifying charging document be a notice to appear with a specific hearing date and time.[14] Moreover, *Pereira* has a narrow holding which "did not purport to resolve issues beyond the § 1229b(d)(1)(A) stop-time rule context."[15]

Accordingly, the Board correctly concluded that *Pereira*'s interpretation of "notice to appear" does not implicate the Immigration Judge's authority to adjudicate, and Petitioners are not entitled to reconsideration and termination.

## III.

For the reasons stated, we will deny the petition for review.

---

[10] 930 F.3d 129.

[11] *See* 8 U.S.C. § 1229b(d)(1)(A) (stating, in relevant part, "any period of continuous residence or continuous physical presence in the United States shall be deemed to end . . . when the alien is served a notice to appear under section 1229(a) of this title").

[12] 8 C.F.R. § 1003.14(a).

[13] *Id.* § 1003.13.

[14] *Nkomo*, 930 F.3d at 133.

[15] *Id.*