[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-15349
Non-Argument Calendar
_____

Agency No. A206-679-745


ANGELINA FRANCISCO ESTEBAN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(December 20, 2019)

Before WILSON, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Angelina Francisco Esteban seeks review of the Board of Immigration Appeals's ("BIA") denial of her motion to reopen and terminate her removal proceedings in light of Pereira v. Sessions, 138 S. Ct. 2105 (2018), which was issued

by the U.S. Supreme Court after the BIA had dismissed her appeal of the Immigration Judge's ("IJ") order of removal.  In her petition, Esteban argues that her notice to appear ("NTA") did not vest the immigration court with jurisdiction over her removal proceedings because it did not specify the time and place of her removal hearing.  After careful review, we deny the petition.

We review our subject matter jurisdiction de novo, and we lack jurisdiction to consider a claim raised in a petition for review "unless the petitioner has exhausted [her] administrative remedies with respect thereto."  Amaya Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006); 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right . . . .").  We review the BIA's legal determinations and interpretations of law or statutes de novo.  Castillo-Arias v. U.S. Att'y Gen., 446 F.3d 1190, 1195 (11th Cir. 2006).

The Immigration and Nationality Act ("INA") provides that an IJ shall conduct proceedings to determine whether an alien is removable from the United States.  8 U.S.C. § 1229a(a)(1).  The initiation of removal proceedings is governed by 8 U.S.C. § 1229, which provides that the alien must be served with an NTA specifying, among other things, the nature of the proceedings, the charges against the alien, the requirement that the alien provide address and telephone contact information, the consequences of failing to appear for the alien's removal hearing,

2

and "[t]he time and place at which the proceedings will be held." 8 U.S.C. § 1229(a)(1). The statute does not expressly provide the conditions upon which jurisdiction vests with the IJ, but the Justice Department's regulations provide that "[j]urisdiction vests, and proceedings before an [IJ] commence, when a charging document is filed with the Immigration Court." 8 C.F.R. § 1003.14(a).

In Pereira v. Sessions, issued on June 21, 2018, the Supreme Court considered a question "at the intersection of" § 1229(a), which involves the contents of an NTA, and the "stop-time" rule for cancellation of removal in 8 U.S.C. § 1229b(d)(1). 138 S. Ct. 2105, 2109-10 (2018). To be eligible for cancellation of removal, an alien must be continuously physically present in the United States for a certain length of time, and the stop-time rule states that the period of continuous physical presence stops, in certain circumstances, "when the alien is served a notice to appear under section 1229(a)." 8 U.S.C. § 1229b(d)(1). In Pereira, the Supreme Court concluded that a putative NTA that does not specify either the time or place of the removal proceedings does not trigger the stop-time rule and thus does not end the alien's continuous physical presence in the United States for purposes of cancellation of removal eligibility. 138 S. Ct. at 2110. The Supreme Court reasoned that a "putative notice to appear that fails to designate the specific time or place of the noncitizen's removal proceedings is not a 'notice to appear under section 1229(a),' and so does not trigger the stop-time rule." Id. at 2113-14 (quoting 8 U.S.C. § 1229b(d)(1)).

3

In <u>Perez-Sanchez v. United States Attorney General</u>, we recently addressed a petitioner's Pereira claim that the IJ "never had jurisdiction over his removal case" because the NTA "did not include either the time or date of his removal hearing." 935 F.3d 1148, 1150, 1152-53 (11th Cir. 2019).  We first determined that the NTA was "unquestionably deficient" under § 1229(a) for failing to specify the time and date of the removal hearing.  <u>Id</u>. at 1153.  We rejected the government's argument that we should defer to the BIA's interpretation in <u>Matter of Bermudez-Cota</u>, 27 I. & N. Dec. 441 (BIA 2018), that an NTA that omits the time and place of the hearing is not deficient under § 1229(a) so long as a notice of hearing containing this information is sent later.  <u>Id</u>. at 1153-54.  We reasoned that <u>Pereira</u> foreclosed any argument that a statutory defect in an NTA could be later cured by a subsequent notice of hearing including the time and date.  <u>Id</u>.  We observed that "a notice of hearing sent later might be relevant to a harmlessness inquiry, but it does not render the original NTA non-deficient."  <u>Id</u>. at 1154.

Nonetheless, we concluded in <u>Perez-Sanchez</u> that the defective NTA did not deprive the agency of jurisdiction over the removal proceedings because the statutory "time-and-place requirement" did not "create a jurisdictional rule," but was instead a "claim-processing rule."  <u>Id</u>. at 1154-55.  We also concluded that 8 C.F.R. § 1003.14 too, "despite its language, sets forth not a jurisdictional rule but a claim-processing one," reasoning that "an agency cannot fashion a procedural rule to limit

jurisdiction bestowed upon it by Congress." Id. at 1155.  Having determined that the agency properly exercised jurisdiction over Perez-Sanchez's removal proceedings, we denied his petition for review as to his Pereira claim.  Id. at 1157. Finally, to the extent Perez-Sanchez claimed he was entitled to a remand because the NTA otherwise violated the agency's claim-processing rules, we dismissed the petition for lack of jurisdiction because the claim was unexhausted.  Id.

Here, Esteban's claim that the IJ lacked jurisdiction over her removal proceedings is foreclosed by Perez-Sanchez.  While her NTA was defective for failing to specify the time, date, and location of the removal hearing, neither § 1229(a) nor § 1003.14 are jurisdictional rules, and the IJ therefore properly exercised jurisdiction over Esteban's removal proceedings.  Perez-Sanchez, 935 F.3d at 1154-55. Accordingly, we deny her petition for review.

**PETITION DENIED.**