# Matter of German BERMUDEZ-COTA, Respondent

*Decided August 31, 2018*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A notice to appear that does not specify the time and place of an alien's initial removal hearing vests an Immigration Judge with jurisdiction over the removal proceedings and meets the requirements of section 239(a) of the Immigration and Nationality Act, 8 U.S.C. § 1229(a) (2012), so long as a notice of hearing specifying this information is later sent to the alien. *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), distinguished.

FOR RESPONDENT: Selma Taljanovic, Esquire, Arizona

FOR THE DEPARTMENT OF HOMELAND SECURITY: Joey L. Caccarozzo, Assistant Chief Counsel

BEFORE: Board Panel: GUENDELSBERGER, KENDALL CLARK, and KELLY, Board Members.

KENDALL CLARK, Board Member:

In a decision dated October 3, 2017, an Immigration Judge denied the respondent's requests for a continuance and administrative closure but granted his request for voluntary departure. The respondent has appealed from this decision. While his appeal was pending, the respondent filed a motion to terminate his removal proceedings. The Department of Homeland Security ("DHS") opposes the respondent's appeal and motion. The appeal will be dismissed and the motion to terminate will be denied.

The respondent is a native and citizen of Mexico who arrived in the United States on or about April 30, 1991, without being admitted or paroled. On August 28, 2013, the respondent was personally served with a notice to appear, which ordered him "to appear before an immigration judge of the United States Department of Justice . . . on a date to be set at a time to be set." The respondent conceded in written pleadings that he was properly served with the August 28, 2013, notice to appear. On September 9, 2013, the Tucson, Arizona, Immigration Court mailed a notice of hearing to the address the respondent had provided to immigration authorities. This notice provided that the respondent's hearing was scheduled to take place on May 13, 2014, at 1:00 p.m. at 300 West Congress Street, Suite 300, Tucson, Arizona, 85701. The respondent appeared at this and numerous subsequent hearings.

At his last hearing on October 3, 2017, the respondent sought a continuance or administrative closure based on his potential eligibility for adjustment of status. The Immigration Judge denied his requests for a continuance and administrative closure. However, he granted the respondent voluntary departure. The respondent timely appealed from this decision and filed a motion to terminate while his appeal was pending. We will address his motion first.

The respondent argues that his proceedings should be terminated in light of the Supreme Court's recent decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). The alien in *Pereira* was served with a notice to appear that ordered him to appear at the Immigration Court in Boston, Massachusetts, at a time and date to be set. The DHS filed the notice to appear with the Immigration Court, which, in turn, mailed a notice of hearing to the alien, setting the time and date for his removal hearing. However, that notice was not mailed to the correct address and was returned as undeliverable. The alien did not appear at his hearing and was ordered removed in absentia. His removal proceedings were later reopened after he established that he did not receive notice of his hearing. He then applied for cancellation of removal under section 240A(b)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(b)(1) (2012). His application was denied because the Immigration Judge and the Board determined that his notice to appear triggered the so-called "stop-time" rule in section 240A(d)(1)(A) of the Act.

To establish his eligibility for cancellation of removal, the alien in *Pereira* was required to show that he had been continuously physically present in the United States for a period of 10 years immediately preceding the date of his application for such relief. Section 240A(b)(1)(A) of the Act. However, under the "stop-time" rule, continuous physical presence is deemed to end "when the alien is served a notice to appear under section 239(a)" of the Act, 8 U.S.C. § 1229(a) (2012). According to section 239(a), a notice to appear must "be given in person to the alien (or, if personal service is not practicable, through service by mail to the alien or to the alien's counsel of record, if any) specifying," among other things, "[t]he time and place at which the proceedings will be held." Section 239(a)(1)(G)(i) of the Act.

The Supreme Court stated that the "narrow" and "dispositive question" in *Pereira* was whether "a 'notice to appear' that does not specify the 'time and place at which the proceedings will be held' . . . trigger[s] the stop-time rule." *Pereira*, 138 S. Ct. at 2110, 2113. Because the notice to appear served on the alien did not "inform [him] when and where to appear for removal proceedings," the Court held that it was not a "'notice to appear under section [239(a)]' and therefore does not trigger the stop-time rule." *Id.* at 2110.

The respondent contends that, like the alien in *Pereira*, he received a notice to appear that was legally defective because it did not specify the time

and place of his hearing. He argues that if the failure to specify this information renders a notice to appear defective under section 239(a)(1) of the Act for purposes of the "stop-time" rule, then it renders it defective for all purposes. Citing 8 C.F.R. § 1003.14 (2018), which provides that "[j]urisdiction vests, and proceedings before an Immigration Judge commence, when [the DHS files] a charging document . . . with the Immigration Court," the respondent asserts a notice to appear that fails to specify the time or place of his hearing cannot vest jurisdiction with the Immigration Judge. He therefore argues that we should terminate his proceedings. We believe that this argument is misguided.

*Pereira* involved a distinct set of facts. Unlike the alien in that case, the respondent here was properly served with both a notice to appear *and* a subsequent notice of hearing. The latter specified the time and place of his hearing, and he attended this and subsequent hearings. Although the Court stated that a notice to appear that does not inform an alien when and where to appear for removal proceedings is not a "notice to appear" under section 239(a), it explained that this was so because "[c]onveying such time-and-place information to a noncitizen is an essential function of a notice to appear, for without it, the Government cannot reasonably expect the noncitizen to appear for his removal proceedings." *Pereira*, 138 S. Ct. at 2115. The respondent in this case clearly was sufficiently informed to attend his hearings.

In addition, the respondent is not seeking cancellation of removal, and the "stop-time" rule is not at issue, so *Pereira* is distinguishable. The Court specifically stated multiple times that the issue before it was "narrow" and that the "dispositive question" was whether a notice to appear that does not specify the time and place at which proceedings will be held, as required by section 239(a)(1)(G)(i), triggers the "stop-time" rule for purposes of cancellation of removal. *Id.* at 2110, 2113. Had the Court intended to issue a holding as expansive as the one advanced by the respondent, presumably it would not have specifically referred to the question before it as being "narrow." *See Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (providing that the Federal courts do not give advisory opinions, "advising what the law would be upon a hypothetical state of facts" (citation omitted) (internal quotation mark omitted)). Nor would the Court have repeatedly emphasized that the dispositive question was whether a document that fails to specify the time and place of proceedings triggers the "stop-time" rule.

Significantly, the Court did not purport to invalidate the alien's underlying removal proceedings or suggest that proceedings should be terminated. In fact, the Court remanded the matter for "further proceedings." *Pereira*, 138 S. Ct. at 2120. The Court also acknowledged a regulation promulgated in 1997 "stating that a 'notice to appear' served on a noncitizen

need only provide 'the time, place and date of the initial removal hearing, *where practicable*.'" *Id.* at 2111 (emphasis added) (quoting Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures, 62 Fed. Reg. 10,312, 10,332 (Mar. 6, 1997) (codified at 8 C.F.R. § 3.18 (1998))).[1] Furthermore, the Court referred to the Government's admission that, in the last 3 years, almost 100 percent of the notices to appear it served omitted the time and date of the proceeding and stated that the time, place, or date of the alien's initial hearing was "to be determined." *Id.* (citation omitted). While the Court held that such a notice to appear is insufficient to trigger the "stop-time" rule, it did not indicate that proceedings involving similar notices to appear, including those where cancellation of removal, asylum, or some other form of relief had been granted, should be invalidated or that the proceedings should be terminated.

Admittedly, the Court questioned arguments concerning the alleged inability of the DHS to specify an accurate date and time for the initial hearing on the notice to appear. *Id.* at 2118–19. The Court observed that prior scheduling systems "enabled DHS and the immigration court to coordinate in setting hearing dates in some cases" and stated, "Given today's advanced software capabilities, it is hard to imagine why DHS and immigration courts could not again work together to schedule hearings before sending notices to appear." *Id.* at 2119. Nevertheless, the Court did not hold that proceedings initiated by a notice to appear that fails to specify a time, date, and place for the initial hearing should be terminated.

Further, terminating proceedings where service was proper under 8 C.F.R. § 1003.18(b) (2018) would require us to disregard a regulation that we are compelled to follow. *See Matter of L-M-P-*, 27 I&N Dec. 265, 267 (BIA 2018) (affirming that neither the Immigration Judges nor the Board may "disregard the regulations, which have the force and effect of law").

We also disagree with the respondent's argument that we are required to terminate proceedings pursuant to 8 C.F.R. 1003.14(a), which provides:

> Jurisdiction vests, and proceedings before an Immigration Judge commence, when a *charging document* is filed with the Immigration Court by the Service. The charging document must include a certificate showing service on the opposing party

---

[1] This regulation was redesignated as 8 C.F.R. § 1003.18 (2018) and provides that it is the responsibility of the Immigration Court to schedule cases in removal proceedings, not the DHS. It also specifically contemplates instances in which a notice to appear will not contain the time and place of a hearing, stating that if this information is not specified on the notice to appear, "the Immigration Court shall be responsible for scheduling the initial removal hearing and providing notice to the government and the alien of the time, place, and date of hearing." 8 C.F.R. § 1003.18(b).

> pursuant to § 1003.32 which indicates the Immigration Court in which the charging document is filed.

(Emphasis added.)  The regulation does not specify what information must be contained in a "charging document" at the time it is filed with an Immigration Court, nor does it mandate that the document specify the time and date of the initial hearing before jurisdiction will vest.  Notably, 8 C.F.R. § 1003.15(b) (2018), which lists the information that must be contained in a notice to appear, does not mandate that the time and date of the initial hearing must be included in that document.

Furthermore, the United States Court of Appeals for the Ninth Circuit, in whose jurisdiction this case arises, has rejected arguments similar to those of the respondent.  For instance, in *Popa v. Holder*, 571 F.3d 890 (9th Cir. 2009), the Ninth Circuit considered a notice to appear that ordered the alien to appear before an Immigration Judge at a time and place to be set and that provided the court's address.  The notice to appear stated that the alien would be notified of the time and place of her removal hearing in a separate writing.  The notice to appear also stated that the respondent was required to immediately inform the Immigration Court of any change of address or phone number during the course of the proceeding.

The alien later moved from Nevada to California but did not advise the Immigration Court of her change of address.  The Immigration Court mailed a notice of hearing specifying the date, time, and place of her hearing to her Nevada address.  However, the alien did not receive it, failed to appear for her hearing, and was ordered removed in absentia.  After she learned of this order, she filed a motion to reopen and rescind the in absentia removal order, claiming a lack of notice.  Her motion was denied and her appeal to the Board was dismissed.

The Ninth Circuit observed that, "[a]lthough [section 239](a)(1)(G)(i) requires a notice to appear to 'specify[]' the time and place at which the proceedings will be held, this court has never held that the [notice to appear] cannot state that the time and place of the proceedings will be set at a future time by the Immigration Court."  *Id.* at 895.  The court stated that it had "silently . . . adopted the rule that the time and date of a removal proceeding can be sent after the first notice to appear" in the form of a notice of hearing.  *Id.*  After reviewing 8 C.F.R. § 1003.18 and cases from other circuits approving of this two-step notice procedure, the court in *Popa* made this rule explicit, holding that "a Notice to Appear that fails to include the date and time of an alien's deportation hearing, but that states that a date and time will be set later, is not defective [under section 239(a)(1)(G)(i)] so long as a notice of the hearing is in fact later sent to the alien."  *Id.* at 895–96 (citing *Gomez-Palacios v. Holder*, 560 F.3d 354, 359 (5th Cir. 2009); *Dababneh*

*v. Gonzales*, 471 F.3d 806, 809–10 (7th Cir. 2006); *Haider v. Gonzales*, 438 F.3d 902, 907 (8th Cir. 2006)).

In *Gomez-Palacios*, the Fifth Circuit addressed a notice to appear that ordered the alien to appear before an Immigration Judge in San Antonio, Texas, at a time and date to be set. A notice of hearing was then sent to an incorrect address, and the alien was ordered removed in absentia after he did not appear. Proceedings were later reopened after it was determined that the alien had provided a change of address prior to the mailing of the hearing notice. The Immigration Court then mailed a notice of hearing to the correct address, specifying the time and date of the hearing. Another notice, rescheduling the hearing to a later date, was mailed to this address. This last notice of hearing was returned to the Immigration Court stamped, "attempted, not known." *Gomez-Palacios*, 560 F.3d at 357. The alien did not appear at the rescheduled hearing and was again ordered removed in absentia. The alien filed a motion to reopen his proceedings, arguing that the required statutory notice of his removal hearing was not provided.

The Fifth Circuit rejected this argument. Like the Ninth Circuit in *Popa*, the court determined that a notice to appear need not specify the time and date of the removal hearing for the statutory notice requirement to be satisfied, so long as this information is provided in a subsequent notice of hearing.

Similarly, although the notice to appear in *Haider* did not specify the time and date of the alien's hearing, the subsequent notice of hearing mailed to the alien's address did. The alien did not receive this notice because he had moved from the address to which it was mailed without notifying the Immigration Court. He did not attend his hearing and was ordered removed in absentia. He argued that his right to due process was violated because the notice to appear did not specify the time and date of his hearing. However, the Eighth Circuit rejected this argument, explaining that

> [t]he [Act] does not detail how to serve notice of a hearing. To fill in the blanks, regulations authorize which immigration officers may serve [a notice to appear], providing "the time, place and date of the initial removal hearing, where practicable[.]" If the [notice to appear] does not contain this information, however, then the Immigration Court must "schedul[e] the initial removal hearing and provid[e] notice to the government and the alien of the time, place, and date of hearing."

*Id.* at 906–07 (last two alterations in original) (citing, inter alia, 8 C.F.R. § 1003.18). The court concluded that the notice to appear *and* notice of hearing together constituted sufficient notice.

In *Dababneh*, the alien received a notice to appear from the DHS that did not specify the time and date of his hearing. However, the Immigration Court served him with a notice of hearing containing this information a day later.

He appeared at all of his hearings and sought cancellation of removal, but the notice to appear was served on him before he acquired 10 years of continuous physical presence. The alien argued that the notice to appear was defective because it failed to specify the time and date of his initial hearing, and thus it did not cut off his continuous physical presence for purposes of cancellation of removal. The Seventh Circuit concluded that the Government fulfilled its obligations to provide the alien with notice because the notice to appear *and* the notice of hearing together vested the Immigration Judge with jurisdiction over his removal proceedings. With respect to the "stop-time" rule, the court determined that the rule was triggered "through receipt of *both*" forms of notice. *Id.* at 810.

We agree with the Fifth, Seventh, Eighth, and Ninth Circuits that a two-step notice process is sufficient to meet the statutory notice requirements in section 239(a) of the Act. Accordingly, a notice to appear that does not specify the time and place of an alien's initial removal hearing vests an Immigration Judge with jurisdiction over the removal proceedings and meets the requirements of section 239(a) of the Act, so long as a notice of hearing specifying this information is later sent to the alien. As noted, *Pereira* is distinguishable and did not address this issue. Because the respondent received proper notice of the time and place of his proceeding when he received the notice of hearing, his notice to appear was not defective. We will therefore deny his motion to terminate his proceedings.

With regard to his appeal, the respondent challenges the Immigration Judge's decision to deny his requests for administrative closure and a continuance. However, his arguments regarding administrative closure are foreclosed by the Attorney General's decision in *Matter of Castro-Tum*, 27 I&N Dec. 271, 272 (A.G. 2018), which held that neither the Immigration Judge nor the Board has the authority to administratively close his case, absent an exception not applicable here. Finally, we agree with the Immigration Judge that the respondent has not shown good cause for a continuance because his case has already been continued once, he has not shown that he is eligible for relief from removal, and it is speculative that he will become eligible for adjustment of status in the future. *See Matter of L-A-B-R-*, 27 I&N Dec. 405, 414 (A.G. 2018) ("[C]ontinuances should not be granted when a respondent's collateral pursuits are merely speculative.").

Accordingly, the respondent's appeal will be dismissed and his motion to terminate will be denied. However, since he submitted timely proof that he paid the voluntary departure bond, the period of voluntary departure granted by the Immigration Judge will be reinstated.

**ORDER:** The appeal is dismissed and the motion to terminate proceedings is denied.

**FURTHER ORDER:** Pursuant to the Immigration Judge's order and conditioned upon compliance with conditions set forth by the Immigration Judge and the statute, the respondent is permitted to voluntarily depart the United States, without expense to the Government, within 60 days from the date of this order or any extension beyond that time as may be granted by the DHS. *See* section 240B(b) of the Act, 8 U.S.C. § 1229c(b) (2012); *see also* 8 C.F.R. § 1240.26(c), (f) (2018). In the event the respondent fails to voluntarily depart the United States, the respondent shall be removed as provided in the Immigration Judge's order.

**NOTICE:** If the respondent fails to voluntarily depart the United States within the time period specified, or any extensions granted by the DHS, the respondent shall be subject to a civil penalty as provided by the regulations and the statute and shall be ineligible for a period of 10 years for any further relief under section 240B and sections 240A, 245, 248, and 249 of the Act, 8 U.S.C. §§ 1229b, 1255, 1258, and 1259 (2012). *See* section 240B(d) of the Act.

**WARNING:** If the respondent files a motion to reopen or reconsider prior to the expiration of the voluntary departure period set forth above, the grant of voluntary departure is automatically terminated; the period allowed for voluntary departure is not stayed, tolled, or extended. If the grant of voluntary departure is automatically terminated upon the filing of a motion, the penalties for failure to depart under section 240B(d) of the Act shall not apply. *See* 8 C.F.R. § 1240.26(e)(1).

**WARNING:** If, prior to departing the United States, the respondent files any judicial challenge to this administratively final order, such as a petition for review pursuant to section 242 of the Act, 8 U.S.C. § 1252 (2012), the grant of voluntary departure is automatically terminated, and the alternate order of removal shall immediately take effect. However, if the respondent files a petition for review and then departs the United States within 30 days of such filing, the respondent will not be deemed to have departed under an order of removal if he provides to the DHS such evidence of his departure that the Immigration and Customs Enforcement Field Office Director of the DHS may require and provides evidence DHS deems sufficient that he has remained outside of the United States. The penalties for failure to depart under section 240B(d) of the Act shall not apply to an alien who files a petition for review, notwithstanding any period of time that he remains in the United States while the petition for review is pending. *See* 8 C.F.R. § 1240.26(i).