**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 18-1609**

———————

LUIS CALDERON LEONARD,

Petitioner,

v.

MATTHEW G. WHITAKER, Acting Attorney General,

Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals.

———————

Submitted:  December 18, 2018                    Decided:  December 31, 2018

———————

Before GREGORY, Chief Judge, KING, Circuit Judge, and TRAXLER, Senior Circuit Judge.

———————

Petition denied by unpublished per curiam opinion.

———————

Alfred L. Robertson, Jr., ROBERTSON LAW OFFICE, PLLC, Alexandria, Virginia, for Petitioner.  Joseph H. Hunt, Assistant Attorney General, Shelly R. Goad, Assistant Director, Laura Halliday Hickein, Trial Attorney, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis Calderon Leonard, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals finding him removable as an aggravated felon. For the reasons set forth below, we deny the petition for review.

Calderon Leonard was found removable as an alien convicted of an aggravated felony defined in 8 U.S.C. § 1101(a)(43)(M)(i) (2012) (defining aggravated felony as including "an offense that . . . involves fraud or deceit in which the loss to the victim or victims exceeds $10,000"). On appeal, Calderon Leonard argues that the agency erred in concluding that the Department of Homeland Security met its burden of demonstrating by clear and convincing evidence that his fraudulent activity caused a loss of more than $10,000. After reviewing Calderon's claims in conjunction with the administrative record, we conclude that substantial evidence supports the agency's finding that the loss amount exceeded $10,000 and find no error in the agency's reliance on sentencing-related material, including the presentence investigation report. *See Nijhawan v. Holder,* 557 U.S. 29, 42 (2009). We therefore uphold the agency's loss determination for the reasons stated by the Board. *In re Calderon Leonard* (B.I.A. Apr. 30, 2018).

Relying on the Supreme Court's decision in *Pereira v. Sessions,* 138 S. Ct. 2105 (2018) (holding that a notice to appear that fails to designate specific time or place of removal proceeding does not trigger "stop-time rule" ending alien's continuous presence period for purposes of cancellation of removal), Calderon Leonard also contends that the agency did not have jurisdiction over his removal proceedings. We conclude that the narrow holding of *Pereira* does not apply in this situation. *See Mauricio-Benitez v.*

2

*Sessions,* 908 F.3d 144, 148 n.1 (5th Cir. 2018) (stating that "[b]ecause the issues in this case pertain only to reopening, *Pereira*'s rule regarding cancellation is inapplicable" and citing district court cases holding that *Pereira* does not apply where the "stop-time rule" applicable to cancellation of removal is not involved); *In re Bermudez-Cota,* 27 I. & N. Dec. 441, 447 (B.I.A. 2018) ("[A] notice to appear that does not specify the time and place of an alien's initial removal hearing vests an Immigration Judge with jurisdiction over the removal proceedings and meets the requirements of [8 U.S.C. § 1229(a) (2012)], so long as a notice of hearing specifying this information is later sent to the alien.").

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*
