BLD-042                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2034
_____

HENRY PRATT,
                              Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A075-555-747)
Immigration Judge:  Honorable Walter A. Durling
_____

Submitted on Respondent's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 14, 2019

Before:  AMBRO, GREENAWAY, JR. and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed December 5, 2019)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Henry Pratt petitions for review of an order of the Board of Immigration Appeals ("BIA") denying his latest motion to reopen and reconsider. On the Government's motion, we will summarily deny his petition.

I.

Pratt is a citizen of Liberia who previously received asylum in 2002 and who later adjusted his status to lawful permanent resident. In 2015, he was convicted on Pennsylvania charges of forgery and access-device fraud. The Government then charged him as removable on the ground that his offenses constituted crimes involving moral turpitude. An Immigration Judge ("IJ") sustained the charge and denied Pratt's applications for relief. The BIA dismissed his appeal on the merits, and we denied his counseled petition for review. See Pratt v. Att'y Gen., 779 F. App'x 867 (3d Cir. 2019) (C.A. No. 18-1573).

Before our ruling, Pratt filed a number of motions to reopen and reconsider with the BIA. He filed two such motions that the BIA denied on June 4, 2018, and another such motion that the BIA denied on August 22, 2018. Pratt did not seek review of those rulings. Instead, he filed still another motion to reopen and reconsider with the BIA. The BIA denied that motion as well on April 24, 2019, and Pratt now petitions for review of that ruling. The Government has filed a motion for summary action.[1]

_____

[1] The Government filed its motion after Pratt filed his brief on the merits, and Pratt later

II.

We have jurisdiction under 8 U.S.C. § 1252(a)(1). We review the BIA's denial of reopening and reconsideration only for abuse of discretion. See Pllumi v. Att'y Gen., 642 F.3d 155, 158 (3d Cir. 2011). We perceive none here.

Pratt raised a number of arguments in his motion but only three require discussion on review. First, Pratt argued that his removal proceeding should be terminated because his notice to appear was defective under Pereira v. Sessions, 138 S. Ct. 2105 (2018). The BIA rejected that argument on the basis of In re Bermudez-Cota, 27 I. & N. Dec. 441 (BIA 2018). We later agreed with Bermudez-Cota in concluding that a notice to appear that is defective under Pereira for purposes of the "stop time" rule applicable to cancellation of removal does not deprive IJs of jurisdiction. See Nkomo v. Att'y Gen., 930 F.3d 129, 133-34 (3d Cir. 2019). Pratt acknowledges Nkomo but asserts that it "contradicts" Pereira. We explained in Nkomo why that is not the case and, in any event, our Court has denied rehearing en banc in Nkomo and this Panel is not at liberty to reconsider it.

Second, Pratt argued that his order of removal is erroneous because his offenses do not constitute crimes involving moral turpitude. As the BIA explained, however, Pratt

---

filed responses. We have considered all of Pratt's filings in reaching our disposition. Those filings include Pratt's document titled "supplement information," in which he claims that if removed to Liberia he will be unable to obtain treatment for diabetes and other medical conditions. That issue is beyond the scope of review because Pratt did not raise it with the BIA in the motion at issue here.

3

did not offer anything in support of that argument that was not already offered or available during his removal proceeding. The BIA also concluded that Pratt waived this issue by failing to challenge his removability on administrative appeal. Pratt argues that he did so in a pro se filing that he submitted to the BIA before his counsel filed a brief. Even if that were sufficient to raise and exhaust the issue during Pratt's administrative proceeding, however, Pratt did not raise that issue in his counseled petition for review. Pratt continues to argue that the IJ erred in this regard but, if that were so, his remedy was to raise those arguments on review from his order of removal.[2]

Finally, Pratt argued that he had new evidence that he faces mistreatment in Liberia. By way of background, Pratt received asylum in 2002 on the ground that rebel forces under Charles Taylor (who later came to power) murdered his entire family. In denying Pratt's subsequent application for asylum during his removal proceeding, the IJ found that the Government met its burden of proving that circumstances had since changed such that Pratt was not entitled to a presumption of future persecution. In doing so, the IJ found no evidence that the former rebels under Taylor posed any danger to Pratt given that "[t]he civil war in Liberia is decades gone." (A.R. 340.) The BIA agreed, but

---

[2] Pratt argues that he raised this issue in C.A. No. 17-3844, which was his petition for review of the BIA's bond and custody determination. We dismissed that petition for lack of jurisdiction because the BIA's ruling on custody was not a "final order of removal" under 8 U.S.C. § 1252(a)(1). Pratt did not raise this issue in his counseled petition for review of his order of removal (C.A. No. 18-1573).

Pratt did not raise that issue on review in this Court, so we deemed it waived. See Pratt, 779 F. App'x at 869 n.3.

In his previous motions to reopen or reconsider, Pratt presented evidence that the current president of Liberia, George Weah, has refused to convene a reconciliation committee to investigate previous war crimes and has instead chosen former Taylor associates—including Taylor's former wife and current Vice President Jewel Taylor—to serve on his cabinet. Pratt also submitted a news report quoting Jewel Taylor as stating without elaboration that the "Taylor agenda" would be "brought back to the table."

The BIA denied reopening on June 4, 2018, on the ground that this evidence still did not show that Pratt faced any harm.[3] The BIA then declined to reconsider that ruling on August 22, 2018. As noted above, Pratt did not seek review of either of those rulings. Instead, he filed the motion to reopen or reconsider at issue here on February 21, 2019. In that motion, he again relied on this evidence (without attaching it) and accused the BIA of having "ignored" it. The BIA properly treated it as a motion to reconsideration to that extent and denied it because he did not file it within 30 days of its previous decision as required by 8 U.S.C. § 1229a(c)(6)(B) and 8 C.F.R. § 1003.2(b)(2). The BIA also rejected Pratt's argument that it previously ignored this evidence. We cannot say that the

---

[3] The BIA did not explain why, but none of Pratt's evidence suggested that politically motivated killings in Liberia have resumed or that he is otherwise at risk for persecution or torture. (A.R. 113-34, 168-89.)

5

BIA abused its discretion in denying Pratt's motion for rereconsideration on either of these independently dispositive grounds.

III.

For these reasons, we will grant the Government's motion for summary action and will deny Pratt's petition for review.

6