**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1816
_____

JAVIER ROJAS-MERCADO,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A216-371-699)
Immigration Judge: Alice S. Hartye
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 26, 2019

Before: AMBRO, GREENAWAY, JR., and PORTER, Circuit Judges

(Opinion filed: January 8, 2020)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Javier Rojas-Mercado petitions for review of an order of the Board of Immigration Appeals ("BIA"), which dismissed his appeal from an Immigration Judge's ("IJ") removal order. We will deny the petition for review.

Rojas-Mercado is a citizen of Mexico. He entered the United States without inspection in 2006. In July 2018, he was convicted of theft by unlawful taking in violation of 18 Pa. Cons. Stat. Ann. § 3921 and was sentenced to 23 months of imprisonment. Rojas-Mercado was served a Notice to Appear ("NTA"), charging him with being removable pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) as an alien present in the United States without admission or parole. The NTA did not charge him with removability on the basis of his conviction, and it did not include a time and date to appear before the IJ.

Rojas-Mercado, who appeared pro se before the IJ, admitted the factual allegations and charge of removal, and the IJ sustained the removability charges. Rojas-Mercado then applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). He sought such relief based on the fear of future harm and persecution in Mexico. When Rojas-Mercado was 11 years old and still living in Puebla, Mexico, he was beat up by school-children (some older than he) because they were upset that his mother did not vote for a specific politician. The beating lasted about three minutes and was reported to the school but not the police. His siblings were also bothered by these individuals for the same reason but relocated to another part of the city and did not have

any issues thereafter. Rojas-Mercado encountered some of the same individuals almost a decade later while at a soccer game in Delaware. A fight ensued, and Rojas-Mercado reported the altercation to the police. The police, however, did not investigate the incident. He fears that the same individuals, or their family members, will harm him if he is removed to Mexico.

The IJ found Rojas-Mercado credible, but denied his applications for asylum, withholding of removal, and relief under the CAT. The IJ construed his asylum arguments[1] as a claim that he feared persecution on account of his membership in the particular social group ("PSG") comprised of the Rojas-Mercado family. The IJ rejected Rojas-Mercado's assertion that his experiences in Mexico rose to the level of persecution. In addition, the IJ concluded that Rojas-Mercado had supplied insufficient evidence to substantiate a fear of future persecution. The IJ also concluded that, even if Rojas-Mercado had a sufficient fear of persecution, such persecution would not be on account of his asserted PSG – it would be due to retribution or a vendetta. Having determined that the standard for asylum was not met, the IJ also denied Rojas-Mercado's application for withholding of removal. Finally, the IJ ruled that Rojas-Mercado was not entitled to

---

[1] The IJ determined that Rojas-Mercado was statutorily ineligible for asylum because his application was untimely filed and because his conviction constituted an aggravated felony, but she considered the application on the merits in case a reviewing body were to disagree.

CAT relief because, among other reasons, he could likely evade harm by relocating within Mexico if need be.

Rojas-Mercado then appealed to the BIA, arguing that he was entitled to asylum, withholding of removal, and CAT relief. He also argued that because of the NTA's failure to state a definite time and date to appear, the IJ lacked jurisdiction pursuant to Pereira v. Sessions, 138 S. Ct. 2105 (2018). The BIA affirmed the IJ's denial of asylum, withholding of removal, and CAT relief. Furthermore, relying on its prior opinion in In re Bermudez-Cota, 27 I. & N. Dec. 441 (BIA 2018), it rejected Rojas-Mercado's Pereira argument.

Rojas-Mercado filed a timely petition for review.[2] We have jurisdiction under 8 U.S.C. § 1252. Rojas-Mercado makes two arguments in his brief: (1) the proceedings against him should be terminated because his NTA did not give him proper notice; and (2) the IJ erred in determining that his conviction constituted an aggravated felony. Neither of these arguments provides a basis for relief.

First, he argues, based on his interpretation of Pereira, that the IJ lacked jurisdiction over his removal proceedings because the NTA failed to state a date and time. But we have since specifically rejected such an argument in our recent decision in Nkomo v. Attorney General, 930 F.3d 129, 134 (3d Cir. 2019).

---

[2] We denied Rojas-Mercado's motion for a stay of removal by order entered August 19, 2019.

4

Second, the BIA determined that Rojas-Mercado was ineligible for asylum without considering the IJ's conclusion that his conviction is an aggravated felony. A.R. 2-3. Because it is the BIA's decision that we review here, see Nkomo, 930 F.3d at 132, his arguments regarding his conviction are irrelevant.[3]

As Rojas-Mercado does not raise any other issues in his brief, we may consider any other arguments concerning the denial of his application for relief to be waived. See Chen v. Ashcroft, 381 F.3d 221, 235 (3d Cir. 2004). Nevertheless, as he is proceeding pro se, we have carefully examined the record and his filings, but we discern no error in the BIA's decision finding him removable and denying his application for relief.[4]

For the foregoing reasons, we will deny the petition for review.

---

[3] Again, he was not charged or found to be removable on the basis of his conviction.

[4] We agree with the BIA that his asylum and withholding claims fail. The isolated beating Rojas-Mercado experienced as a child does not rise to the level of past persecution, see Voci v. Gonzales, 409 F.3d 607, 615 (3d Cir 2005), and any future persecution is entirely speculative, especially since his persecutors appear to live in the United States. Finally, Rojas-Mercado did not establish that he is likely to be tortured on any basis.

5