BLD-119                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1063
_____

AMIR VANA,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A078-492-675)
Immigration Judge: Rosalind Malloy
_____

Submitted on Respondent's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 13, 2020

Before:  AMBRO, GREENAWAY, JR., and BIBAS, Circuit Judges

(Opinion filed: February 21, 2020)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Amir Vana petitions for review of an order of the Board of Immigration Appeals ("BIA") denying his latest motion to reopen, reconsider and terminate removal proceedings. On the Government's motion, we will summarily deny his petition.

Vana, a citizen of Israel, entered the United States in 1993 and overstayed his visa. In June 2000, the Government served him with a notice to appear charging him with removability under 8 U.S.C. § 1227(a)(1)(B). In 2006, an Immigration Judge ("IJ") found Vana removable for overstaying his visa, for falsely representing himself as a United States citizen, and for committing a crime involving moral turpitude. Finding him to be statutorily ineligible, the IJ pretermitted Vana's application for adjustment of status. The BIA adopted and affirmed the IJ's decision, and we denied Vana's petition for review. See Vana v. Att'y Gen., 341 F. App'x 836 (3d Cir. 2009).

For reasons not clear from the Administrative Record, Vana was not removed and, in 2017, he filed a motion with the BIA to stay his removal and reopen his removal proceedings in order to allow him to seek asylum. The BIA denied Vana's motions in a decision issued on April 16, 2018. We denied Vana's petition for review of the BIA's decision in part and dismissed it in part for lack of jurisdiction on May 24, 2019. See Vana v. Att'y Gen., 774 F. App'x 772, 776-77 (3d Cir. 2019).

Before we issued our 2019 decision, Vana returned to the BIA and filed a second motion to reopen, reconsider and terminate his removal proceedings. He argued that the

IJ lacked jurisdiction to decide his removability because his notice to appear had been defective under Pereira v. Sessions, 138 S. Ct. 2105 (2018). In Pereira, the Supreme Court held that a notice to appear that omits the time and place of a hearing does not qualify as a "notice to appear under section 1229(a)" for purposes of the cancellation of removal statute's "stop time" rule. 138 S. Ct. at 2113–14. He further argued that a subsequent notice of hearing containing that information was insufficient to cure the jurisdictional defect. The BIA rejected this argument and denied the motion. Vana once again petitions for review.

We have jurisdiction under 8 U.S.C. § 1252(a)(1). We review the BIA's denial of reopening and reconsideration only for abuse of discretion. See Pllumi v. Att'y Gen., 642 F.3d 155, 158 (3d Cir. 2011). We perceive none here.

Vana argued that his removal proceedings should be reopened and terminated because his notice to appear was defective under Pereira. The BIA rejected that argument on the basis of In re Bermudez-Cota, 27 I. & N. Dec. 441 (BIA 2018), wherein it held that an IJ is vested with jurisdiction as long as a notice of hearing was sent that specified the time and place of the hearing. The BIA noted that Vana received a notice of his hearing that specified its time and date and that he appeared. The BIA rejected Vana's argument that Bermudez-Cota was wrongly decided. We later agreed with Bermudez-Cota in concluding that a notice to appear that is defective under Pereira for purposes of the "stop time" rule applicable to cancellation of removal does not deprive an

3

IJ of jurisdiction.  See Nkomo v. Att'y Gen., 930 F.3d 129, 133-34 (3d Cir. 2019).  Vana acknowledges Nkomo but asserts that it should be "overruled."  We distinguished our decision in Nkomo from the "narrow question" addressed in Pereira.  In any event, our Court has denied rehearing en banc in Nkomo and this Panel is not at liberty to reconsider it.[1]

For these reasons, the Government's motion for summary action is granted, and we will deny Vana's petition for review.

---

[1] We find no support for Vana's apparent suggestion that the cancellation of removal provision is somehow directly implicated in his case, and therefore do not address that contention further.