# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60428
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 6, 2020

Lyle W. Cayce
Clerk

KOLAWOLE MONDAY ONENESE,

Petitioner,

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent.

Petitions for Review of Orders of the
Board of Immigration Appeals
BIA No. A075 225 213

Before OWEN, Chief Judge, and SOUTHWICK and WILLETT, Circuit Judges.

PER CURIAM:[*]

Kolawole Monday Onenese, a native and citizen of Nigeria, became a lawful permanent resident of the United States. However, he was convicted of conspiracy to commit bank fraud; bank fraud, aiding and abetting (two counts); and aggravated identity theft, aiding and abetting (two counts) and was ordered to pay $129,699.11 in restitution. An immigration judge (IJ) determined that Onenese was removable on account of an aggravated felony

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60428

conviction, and the Board of Immigration Appeals (BIA) dismissed his appeal from the IJ's order.

Onenese now petitions for review of the BIA's decision, challenging the determination that he was convicted of an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(M)(i) and § 1101(a)(43)(U). Section 1101(a)(43)(M) defines an "aggravated felony" as "an offense that—(i) involves fraud or deceit in which the loss to the victim or victims exceeds $10,000," and § 1101(a)(43)(U) extends the definition of "aggravated felony" to "an attempt or conspiracy to commit an offense described in this paragraph." *See* § 1101(a)(43)(M)(i), (U). Onenese argues that the agency impermissibly ignored the amount of loss charged in the indictment and instead chose a greater amount that was not specifically covered by his convictions.

The amount of loss under § 1101(a)(43)(M)(i) and § 1101(a)(43)(U) "is a factual matter to be determined from the record of conviction." *Arguelles-Olivares v. Mukasey*, 526 F.3d 171, 177 (5th Cir. 2008). The categorical approach does not apply to the determination of whether losses exceeded $10,000. *See Nijhawan v. Holder*, 557 U.S. 29, 40 (1997); *Arguelles-Olivares*, 526 F.3d at 177-79. When determining the losses of victims, an immigration court can rely on sentencing-related material. *See Nijhawan*, 557 U.S. at 42-43; *James v. Gonzales*, 464 F.3d 505, 512 (5th Cir. 2006).

Here, the Amended Judgment in Onenese's criminal case established that he was required to pay restitution well in excess of the $10,000 threshold required under § 1101(a)(43)(M)(i) and § 1101(a)(43)(U) for his bank fraud and bank fraud conspiracy convictions. In the absence of any proof to the contrary, the restitution order is clear and convincing evidence of the losses of the victims. *See James*, 464 F.3d at 512. Thus, Onenese has failed to show error in the determination that he was convicted of an aggravated felony under both

§ 1101(a)(43)(M)(i) and § 1101(a)(43)(U).  *See Arguelles-Olivares*, 526 F.3d at 177-79.

Onenese also petitions for review of the BIA's denial of his motion to reopen.  Relying on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), he asserts that the immigration court lacked jurisdiction because his Notice to Appear (NTA) did not specify the time and place of his removal hearing.

We have determined that *Pereira* addressed only the narrow question of whether an NTA that omits the time or place of the initial hearing triggers the statutory stop-time rule for cancellation of removal.  *See Mauricio-Benitez v. Sessions*, 908 F.3d 144, 148 n.1 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 2767 (2019).  Here, Onenese's NTA was sufficient, as it supplied information about the nature of the proceedings, explained the legal basis of the proceedings, and warned about the possibility of in absentia removal.  *See Pierre-Paul v. Barr*, 930 F.3d 684, 690 (5th Cir. 2019), *petition for cert. filed* (U.S. Dec. 16, 2019) (No. 19-779).  Further, the immigration court cured any defect in the NTA by notifying Onenese of the times and dates of his hearings.  *See id.* at 690-91. We need not decide whether *In re Bermudez-Cota*, 27 I. & N. Dec. 441 (BIA 2018), is entitled to deference under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 844, 864-66 (1984), because, in decisions such as *Mauricio-Benitez* and *Pierre-Paul*, we reached essentially the same conclusion as the BIA regarding the limited reach of *Pereira* without applying *Chevron* deference.  *See Bustamante-Barrera v. Gonzales*, 447 F.3d 388, 394 (5th Cir. 2006).  Therefore, Onenese fails to show that the BIA abused its discretion in denying his motion to reopen.  *See Ramos-Portillo v. Barr*, 919 F.3d 955, 958 (5th Cir. 2019).

The petitions for review are DENIED.