**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3680
_____

LORENZO RUFINO-SILVA,
Petitioner,

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review from a Final Order
of the Board of Immigration Appeals
Agency No. A088-231-993
Immigration Judge: Annie S. Garcy
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a):
May 26, 2020
_____

Before: AMBRO, HARDIMAN, and RESTREPO, *Circuit Judges*.

(Filed:  May 29, 2020)

_____

**OPINION**[*]
_____

---

[*]  This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

RESTREPO, *Circuit Judge*.

Lorenzo Rufino-Silva, a non-citizen and national of Mexico, petitions for review of a final decision issued by the Board of Immigration Appeals (BIA) denying his second motion to reopen or reconsider his application for cancellation of removal. He contends that a defective notice to appear (NTA) deprived the Immigration Court of jurisdiction, and therefore, his removal proceedings should be terminated. Because our precedential decision in *Nkomo v. Att'y Gen.*, 930 F.3d 129 (3d Cir. 2019), forecloses his jurisdictional argument, we will deny the petition.

**I**

After being in the United States for more than twenty years, Rufino-Silva received an NTA charging him as removable for having entered the country without authorization. The NTA did not state the date or time of his hearing. Shortly thereafter, he received a second notice setting his hearing for May 13, 2010, at 9:00 a.m.

Rufino-Silva appeared before the Immigration Judge (IJ), conceded removability, and applied for cancellation of removal on the ground that his removal would pose an exceptional hardship for his minor son who is a U.S. citizen. The IJ denied his application but granted the alternative relief of voluntary departure. The BIA affirmed that decision.

Rufino-Silva did not leave the country. Years later, he moved the BIA to reopen his removal proceedings to consider new evidence of hardship to his son. In February 2019, the BIA denied the motion.

2

Rufino-Silva petitioned this Court to review the BIA's February 2019 decision. He asserted for the first time that his removal proceedings should be terminated for lack of jurisdiction because the NTA he received did not contain the date and time of his hearing as required under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018).  In July 2019, this Court dismissed the petition insofar as it presented an issue that had not been raised before the BIA.  *Rufino-Silva v. Att'y Gen.*, 781 F. App'x 54, 56 (3d Cir. 2019).  The panel noted that, mere days before, this Court had rejected his jurisdictional argument in *Nkomo*.  *Id*. at 56 n.2.

While that prior appeal was pending before this Court, Rufino-Silva filed a second motion before the BIA in which he argued that his case should be terminated for lack of jurisdiction under *Pereira*.  The BIA denied the motion in November 2019, holding that this jurisdictional argument had already been rejected in *Matter of Bermudez-Cota*, 27 I. & N. Dec. 441 (BIA 2018), and that it would not "revisit that decision here."  A.R. 3.

Rufino-Silva returns to this Court, seeking review of the BIA's latest decision.[1]

**II**

In *Nkomo*, we held that an NTA that fails to specify the time and date of an initial removal hearing does not deprive an immigration court of jurisdiction.  930 F.3d at 131. Here, Rufino-Silva received an NTA without the date and time for the initial hearing but

---

[1] The BIA had jurisdiction under 8 C.F.R. § 1003.2(b) and (c).  We have jurisdiction to review a timely petition under 8 U.S.C. § 1252.  When a petition presents a purely legal question, our review is *de novo*.  *Yusupov v. Att'y Gen.*, 518 F.3d 185, 197-98 (3d Cir. 2008).

later received a second notice specifying that information. Under *Nkomo*, the IJ had jurisdiction over Rufino-Silva's removal proceedings.

Rufino-Silva argues that *Pereira* compels a different result. But *Nkomo* already considered and rejected that argument. The *Nkomo* court held that *Pereira* is inapposite, because that case addressed the NTA requirements under 8 U.S.C. § 1229(a) for purposes of triggering the stop-time rule under 8 U.S.C. § 1229b(d)(1)—statutes that are not referenced in the "jurisdiction-vesting" regulations at issue here. *See Nkomo*, 930 F.3d at 133-34; *accord Guadalupe v. Att'y Gen.*, 951 F.3d 161, 163 n.6 (3d Cir. 2020) ("*Pereira* does not implicate the IJ's authority to adjudicate." (citing *Nkomo*)). Therefore, *Nkomo* controls.

Recognizing as much, Rufino-Silva argues that the BIA exceeded its power in *Bermudez-Cota* and that *Nkomo*'s reliance on that decision was misplaced. He also urges us to reexamine *Nkomo* and find that it is no longer good law because it conflicts with *Pereira* as interpreted by other circuits. These arguments are unavailing. First, we note that *Nkomo* did not rely on *Bermudez-Cota* in reaching its holding. *See Nkomo,* 940 F.3d at 132, 133 (indicating only that the BIA below cited to *Bermudez-Cota* and that the BIA's decision in *Bermudez-Cota* was in line with seven of our sister circuits). Second, and more fundamentally, these arguments do not present a basis for a panel of this Court to revisit a precedential decision of another panel of this Court. *See Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 293 n.13 (3d Cir. 2018); *cf. Guadalupe*, 951 F.3d at 162 (holding, in the first instance, that *Pereira* abrogated our earlier decision in *Orozco-*

4

*Velasquez v. Att'y Gen.*, 817 F.3d 78 (3d Cir. 2016), because the NTA in both cases

involved the stop-time rule).[2]

## III

For these reasons, we will deny the petition.

---

[2] We note that the supposedly conflicting out-of-circuits cases cited by Rufino-Silva are not necessarily contrary to our holding in *Nkomo*. Those cases treat the regulations at issue as "claim-processing" rules, rather than "jurisdiction-vesting" rules, but they reach the same conclusion: the alleged defects in the NTA do not deprive the immigration court of jurisdiction. *See, e.g.*, *Perez-Sanchez v. Att'y Gen.*, 935 F.3d 1148, 1155, 1156-57 (11th Cir. 2019). While the difference in reasoning might matter in a different case, it does not matter here. Even if we were to interpret *Nkomo* as being consistent with the "claim-processing" approach, Rufino-Silva's petition would still fail. By not raising the alleged defects in the NTA in a timely manner, he forfeited that defense under the "claim-processing" approach. *See Ortiz-Santiago v. Barr*, 924 F.3d 956, 964 (7th Cir. 2019). He has also failed to exhaust that issue. *See Perez-Sanchez*, 935 F.3d at 1157.