# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 4, 2020

No. 19-60136
Summary Calendar

Lyle W. Cayce
Clerk

OSCAR RODRIGUEZ-CERVANTES,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A202 029 869

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:*

Oscar Rodriguez-Cervantes, a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals (BIA) denying his motion to terminate his removal proceedings for lack of jurisdiction.

In reliance on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), Rodriguez-Cervantes contends his Notice to Appear (NTA) was defective, thereby depriving the immigration court of jurisdiction, because it did not state the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60136

date and time of his removal proceedings. Our court, however, has rejected this jurisdictional challenge and determined *Pereira* is limited to the context of the stop-time rule in removal proceedings. *See Pierre-Paul v. Barr*, 930 F.3d 684, 689-90 (5th Cir. 2019), *cert. denied*, 2020 WL 1978950 (U.S. Apr. 27, 2020) (No. 19-779); *see also Mauricio-Benitez v. Sessions*, 908 F.3d 144, 148 n.1 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 2767 (2019). Rodriguez-Cervantes's NTA was not defective because it detailed the nature of the removal proceedings, stated their legal basis, and warned about the possibility of in absentia removal; any alleged defect, moreover, would have been cured because Rodriguez-Cervantes was issued a later notice of hearing that included the date and time of his removal proceedings. *See Pierre-Paul*, 930 F.3d at 690-91.

We need not decide whether *Matter of Bermudez-Cota*, 27 I. & N. Dec. 441 (BIA 2018), is entitled to deference under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), or *Auer v. Robbins*, 519 U.S. 452 (1997), because, in decisions such as *Mauricio-Benitez* and *Pierre-Paul*, this court reached essentially the same conclusion as the BIA regarding the limited reach of *Pereira* without applying *Chevron* or *Auer* deference. *See Bustamante-Barrera v. Gonzales*, 447 F.3d 388, 394 (5th Cir. 2006).

Accordingly, the petition for review is DENIED.