[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13124
Non-Argument Calendar

_____

Agency No. A209-238-182

SILVIA MARIBEL UCEDA-ALVARES,
MARIA GUADALUPE UCEDA-ALVARES,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 1, 2021)

Before ROSENBAUM, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Silvia Maribel Uceda-Alvares, on behalf of herself and her minor daughter,

Maria Guadalupe Uceda-Alvares, seeks review of the Board of Immigration

Appeals's ("BIA") order denying her motion to terminate her removal proceedings. On appeal, Uceda-Alvares argues that, based on the Supreme Court's decision in *Pereira v. Sessions*, 585 U.S. ___, 138 S. Ct. 2105 (2018), the immigration judge ("IJ") lacked jurisdiction over her removal proceedings because the notice to appear that was served on her lacked information—the time and date of her initial removal hearing—required by statute. Because Uceda-Alvares's challenge is foreclosed by our decision in *Perez-Sanchez v. United States Attorney General*, 935 F.3d 1148 (11th Cir. 2019), we deny her petition for review.

## I.

Soon after Uceda-Alvares, a native and citizen of El Salvador, entered the United States with her daughter on July 6, 2016, the government issued her a notice to appear ("NTA") charging that she was removable as an unauthorized immigrant. The NTA ordered Uceda-Alvares to appear for a removal hearing before an IJ in Miami, Florida, but it failed to specify the date or time of the hearing. Several months later, Uceda-Alvares received a notice of hearing containing this information.

Uceda-Alvares appeared for the initial hearing with counsel, admitted the allegations in the NTA, and conceded removability. She later filed applications for asylum and withholding of removal.

Instead of proceeding on these applications for relief at the merits hearing in July 2018, Uceda-Alvares's counsel moved to terminate her removal proceedings on the ground that the NTA was defective under the Supreme Court's decision in *Pereira*. The IJ denied the motion, stating that *Pereira* did not require termination due to a defective NTA. Counsel then moved to withdraw Uceda-Alvares's applications for relief without prejudice. After cautioning counsel about the consequences of withdrawal, the IJ permitted withdrawal of the applications and ordered Uceda-Alvares and her minor daughter removed to El Salvador.

Uceda-Alvares appealed to the BIA, asserting that there was "only one issue presented for review, and that is whether or not the Immigration Judge lacks jurisdiction to proceed with the hearing in removal proceedings." She maintained that the initial NTA was defective under *Pereira* and could not be remedied by a later notice of hearing, so "there is nothing to which the Court's jurisdiction can attach and the case needs to be dismissed."

The BIA dismissed Uceda-Alvares's appeal. The BIA observed that *Pereira* addressed the issue of whether an NTA that does not designate a specific time and place of removal proceedings triggers the "stop-time" rule for purposes of cancellation of removal under 8 U.S.C. § 1229b(b). The BIA explained that its subsequent decision in *Matter of Bermudez-Cota*, 27 I. & N. Dec. 441 (BIA 2018), clarified that an NTA that does not specify the time and place of an initial removal

3

hearing nonetheless vests an IJ with jurisdiction so long as a notice of hearing specifying this information is later sent to the noncitizen. And it noted that our decision in *Perez-Sanchez* agreed with *Matter of Bermudez-Cota* that the time-and-place requirement was not a jurisdictional rule. Accordingly, the BIA concluded that the IJ had jurisdiction over Uceda-Alvares's proceedings because she received notices that included the date, time, and location of her removal hearings after service of her NTA, and she attended those hearings.

## II.

Uceda-Alvares, on behalf of herself and her minor daughter, now petitions this Court for review of the BIA decision. She maintains that an NTA that fails to include the date or time of the removal hearing does not comply with the relevant statute, cannot be cured by a later notice of hearing containing the missing information, and does not vest the IJ with "authority to proceed with the removal proceedings." While she phrases her argument primarily in terms of the agency's jurisdiction, she suggests that the "issue is not about the label 'jurisdiction', it is about complying with the specific requirements of the statute."

We review the BIA's legal determinations and interpretations of law or statutes *de novo*. *Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016). We review our own subject-matter jurisdiction *de novo*, and we lack jurisdiction to consider a claim raised in a petition for review "unless the petitioner has exhausted

4

[her] administrative remedies with respect thereto." *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006).

Here, Uceda-Alvares's jurisdictional argument is foreclosed by our decision in *Perez-Sanchez*. And while she attempts to broaden her challenge beyond jurisdiction on appeal, she failed to exhaust that broader challenge by raising it before the BIA when she had the opportunity to do so.

The initiation of removal proceedings is governed by 8 U.S.C. § 1229, which provides that noncitizens "shall be given" written notice, referred to as a "notice to appear" or NTA, specifying various information, including the nature of the proceedings, the charges, and "[t]he time and place at which the proceedings will be held." 8 U.S.C. § 1229(a)(1). "The statute thus clearly requires that an NTA include the time and place of a noncitizen's removal proceedings." *Perez-Sanchez*, 935 F.3d at 1153. Accordingly, Uceda-Alvares's "NTA was unquestionably deficient under the statute—although [her] NTA listed the location, it left off both the time and date of the hearing." *Id.*

Moreover, we have rejected *Matter of Bermudez-Cota*'s interpretation that "an NTA under section 1229(a) is not deficient so long as a subsequent notice of hearing is later sent and specifies the time and location of the removal hearing." *Id.* In *Perez-Sanchez*, we explained that this interpretation was foreclosed by the Supreme Court's decision in *Pereira*, which "held an NTA that fails to specify the

5

time and place of removal proceedings is defective" and was "not 'some trivial, ministerial defect' that could be cured later." *Id.* at 1153–54 (quoting *Pereira*, 138 S. Ct. at 2116). Rather, in the Supreme Court's view, the failure to include the time and place of removal proceedings "deprive[d] the notice to appear of its essential character." *Pereira*, 138 S. Ct. at 2116–17. In *Pereira*, therefore, the Court held that a putative NTA that does not specify either the time or place of the removal proceedings does not trigger the "stop-time" rule, 8 U.S.C. § 1229b(d)(1)(A), and thus does not end the alien's continuous physical presence in the United States for purposes of cancellation of removal eligibility. *Id.* at 2110.

However, the fact that her NTA is deficient "does not mean the agency lacked jurisdiction over [Uceda-Alvares's] case." *Perez-Sanchez*, 935 F.3d at 1154. In *Perez-Sanchez*, we explained that § 1229a(a)(1) "empower[s] IJs to 'conduct proceedings for deciding the inadmissibility or deportability of an alien.'" *Id.* at 1156 (quoting 8 U.S.C. § 1229a(a)(1)). "This broad grant of authority," we continued, "is not limited in any way by the filing or service of an NTA." *Id.* Rather, "section 1229(a), states, at most, that removal proceedings are initiated upon the service of an NTA to a noncitizen." *Id.* In short, § 1229's time-and-place requirement does not create a "jurisdictional rule." *Id.* at 1154.

Nor is a jurisdictional rule created by 8 C.F.R. § 1003.14, "a regulation that purportedly sets forth the agency's jurisdiction over removal proceedings," because

Congress alone controls an agency's jurisdiction. *Id.* at 1154–55; *see* 8 C.F.R. § 1003.14 ("Jurisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court by the Service."); 8 C.F.R. § 1003.13 (stating that, for proceedings begun after April 1, 1997, a "charging document" includes an NTA). Instead, § 1003.14 "sets forth a claim processing rule." *Perez-Sanchez*, 935 F.3d at 1157.

For these reasons, Uceda-Alvares's "*Pereira* challenge must fail." *Id.* "Because neither 8 U.S.C. § 1229(a) nor 8 C.F.R. § 1003.14 speaks to jurisdiction, the IJ and the BIA properly exercised jurisdiction over [her] removal hearing based on the authority conferred upon them by 8 U.S.C. § 1229a(a)(1)," notwithstanding the defective NTA. *Id.*

"To the extent [Uceda-Alvares] argues [s]he is nonetheless entitled to a remand because [her] NTA violated the agency's claim-processing rules, we dismiss this part of [her] petition for lack of jurisdiction because [s]he failed to exhaust the claim before the agency." *Id.* In particular, the "only" argument she presented to the BIA was that the IJ lacked jurisdiction, even though *Perez-Sanchez* was issued several months before she filed her appellate brief to the BIA. Given rules requiring administrative exhaustion, *see Amaya-Artunduaga*, 463 F.3d at 1250, that is the only argument we have jurisdiction to address. Because that sole argument is foreclosed by *Perez-Sanchez*, we must deny the petition for review.

**PETITION DENIED.**