**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-2307

_____

PAULINE NDZIE DIGGS,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                        Respondent

_____

On Petition for Review of an Order of the Board of Immigration Appeals
(Agency No. A077-027-488)
Immigration Judge: Eugene Pugliese

_____

Submitted Under Third Circuit L.A.R. 34.1(a)

_____

Before: AMBRO, MATEY, and FUENTES, *Circuit Judges.*

(Opinion filed: June 29, 2021)

_____

OPINION*

_____

FUENTES, *Circuit Judge.*

Pauline Ndzie petitions for review from a Board of Immigration Appeals ("BIA")

order denying her motion to reopen and request for *sua sponte* reopening to pursue

_____

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

adjustment of status. Ndzie is a citizen of Cameroon who has lived in the United States for over thirty years and has three United States-citizen children. She is removable due to a status violation for having remained in the United States longer than authorized by the terms of her admission in 1990.

On July 18, 2018, Ndzie filed a motion asking the BIA to reopen her prior removal order in light of the United States Supreme Court's decision in *Pereira v. Sessions*.[1] Ndzie argued that, because the notice to appear issued to her by the Department of Homeland Security ("DHS") failed to specify the date and time of her hearing as in *Pereira*, the document did not constitute a valid notice to appear, and therefore the immigration court and the BIA had lacked jurisdiction to adjudicate the removal proceedings. On May 10, 2019, the BIA denied Ndzie's motion to reopen pursuant to its precedent in *Matter of Bermudez-Cota*,[2] which held that a notice of hearing properly sent subsequent to a notice to appear—in other words, a "two-step process"—is sufficient to satisfy the statutory notice requirements. The BIA further noted that Ndzie's application for cancellation of removal "was denied for reasons unrelated to the operation of the stop-time rule addressed in *Pereira*." Ndzie timely filed this petition for review.

In her petition, Ndzie presents two arguments. First, she argues that the government's issuance of a putative notice to appear lacking date-and-time information, despite it being practicable to include that information, violates 8 C.F.R. § 1003.18(b).

---

[1] 138 S. Ct. 2105 (2018).

[2] 27 I&N Dec. 441 (BIA 2018).

Second, she argues that the provisions of 8 C.F.R. § 1003.14(a), 1003.15(b), and 1003.18(b) and the "two-step notice process" that the Board formulated in reliance on their authority are impermissible interpretations of 8 U.S.C. § 1229(a)(1) and therefore *ultra vires*.

We held this case CAV pending the Supreme Court's resolution of *Niz-Chavez v. Garland*.[3] The Supreme Court has since decided this case, and the parties have filed supplemental briefing. Given the potential impact of this decision, we now remand to the BIA for consideration in the first instance of the effect, if any, of *Niz-Chavez* on this case. We do not limit the issues the BIA may consider on remand. This Court will retain jurisdiction over any future appeals.

---

[3] 141 S. Ct. 1474 (2021).