NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-1954

_____

C. A. H.; F. A. A.; K. L. A. A.; Y. A. A. A.; E. A. A.,
Petitioners

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent

_____

On Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA 1:A208-311-923, A208-311-924, A208-311-925
A208-311-926 and A208-311-927)
Immigration Judge: Hon. John B. Carle

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 17, 2020

Before: JORDAN, GREENAWAY, JR., and KRAUSE, *Circuit Judges*

(Opinion Filed: January 23, 2020)

_____

OPINION*

_____

_____

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

JORDAN, *Circuit Judge*.

C.A.H. and her four minor children petition for review of a decision of the Board of Immigration Appeals ("BIA") denying their motion for reconsideration. Because the BIA did not abuse its discretion in denying that motion, we will deny the petition for review.

## I.   BACKGROUND

C.A.H. and her four minor children are Mexican nationals who entered the United States at the San Ysidro Port of Entry in August 2015. Three days later, the Department of Homeland Security served each of them with a document titled "Notice to Appear." None of those documents stated the date and time they were scheduled to appear. Instead, the notices instructed them to appear at the Immigration Court in Philadelphia, Pennsylvania "on a date to be set" and "at a time to be set." (*See, e.g.*, A.R. at 525.) On the same day, C.A.H. was also charged with inadmissibility under 8 U.S.C. § 1182(a)(7)(A)(i)(I) for being present in the United States without valid entry documents. Two months later, C.A.H. and her children received additional notices of hearing setting the date and time of the hearing before an Immigration Judge ("IJ.") They appeared as scheduled.

At her individual hearing, C.A.H. timely filed an application for asylum, withholding of removal, and relief under the Convention Against Torture on behalf of herself and her children. After reviewing the record, which included the testimony of C.A.H. and her oldest daughter, the IJ ordered C.A.H. and her children removed.

2

C.A.H.[1] filed a timely appeal to the BIA, which was denied in August 2017. She then filed a petition for review, which we dismissed. *C.A.H. v. Att'y Gen.*, 767 F. App'x 265, 271 (3d Cir. 2019).

In July of 2018, almost a year after the BIA issued its decision in her case, C.A.H. filed a motion asking the BIA to reconsider that decision in light of the Supreme Court's opinion in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). *Pereira* held that a Notice to Appear must include the date and time of the hearing before the IJ in order to trigger the stop-time rule in immigration proceedings. *Id.* at 2113-14. In March 2019, the Board exercised its discretion to deny as untimely C.A.H.'s motion to reconsider. This petition for review followed.

## II.    DISCUSSION[2]

"We review a BIA denial of a motion to reconsider for abuse of discretion." *Castro v. Att'y Gen.*, 671 F.3d 356, 364 (3d Cir. 2012). Under this "highly deferential" standard, we will not disturb the BIA's decision "unless it is found to be arbitrary, irrational, or contrary to law." *Alzaarir v. Att'y Gen.*, 639 F.3d 86, 89 (3d Cir. 2011).

C.A.H. argues that the BIA abused its discretion when it denied her motion to reconsider because the Notice to Appear she received was "legally deficient" under *Pereira*. (Opening Br. at 5.) Because the Notice to Appear did not include the date and

---

[1] C.A.H. acted on behalf of her children in their immigration proceedings, so from this point we will simply refer to C.A.H. when addressing the actions and arguments of the petitioners. We note, though, that the actions C.A.H. took in these matters were not solely for herself but also on behalf of her children.

[2] We have jurisdiction under 8 U.S.C. § 1252.

3

time when she was scheduled to appear before the IJ, she contends it was invalid and, without that essential document, jurisdiction never vested with the IJ. The BIA rejected C.A.H.'s jurisdictional challenge on two grounds: it was untimely and it failed on the merits. In neither conclusion did the BIA abuse its discretion.

First, C.A.H.'s motion clearly was untimely. A motion for reconsideration "must be filed within 30 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(6)(B). C.A.H. waited nearly a year before filing her motion for reconsideration. It was not an abuse of discretion for the BIA to reject that obviously untimely motion.

Second, the BIA also determined that, even if it chose to apply equitable tolling, the motion would nonetheless fail on the merits. In support, the BIA cited its own precedent in *Matter of Bermudez-Cota*, in which it held that *Pereira* does not affect whether jurisdiction vests with an IJ, even when the Notice to Appear is defective, if the alien was given a subsequent notice of hearing, as was the case here. 27 I & N Dec. 441, 447 (BIA 2018). That is consistent with our precedent. As C.A.H. acknowledges, we held in *Nkomo v. Attorney General*, that "we do not believe *Pereira*'s interpretation of 'notice to appear' implicates the IJ's authority to adjudicate." 930 F.3d 129, 134 (3d Cir. 2019). Accordingly, the BIA did not abuse its discretion in denying C.A.H.'s motion for reconsideration after determining that C.A.H.'s motion was substantially without merit.

## III. CONCLUSION

For the foregoing reasons, we will deny the petition for review.