NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2555
_____

JOSE GUZMAN-BEDOLLA,

Petitioner

v.

ATTORNEY GENERAL
UNITED STATES OF AMERICA,

Respondent
_____

On Petition for Review of a Decision
and Order of the Board of Immigration Appeals
(BIA-1: A205-009-566)
Immigration Judge: Steven Morley
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 14, 2020

BEFORE:  JORDAN, GREENAWAY, JR., and KRAUSE, *Circuit Judges*

(Filed: March 17, 2020)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*.

Jose Guzman-Bedolla petitions for review of a decision of the Board of Immigration Appeals ("BIA") denying his motion to reopen proceedings. Guzman-Bedolla contends that, given the Supreme Court's decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), the BIA erred by not reopening the proceedings against him because the Immigration Court lacked jurisdiction over his case. The question presented is one that we have answered before: "whether a notice to appear that fails to specify the time and place of an initial removal hearing deprives an immigration judge of jurisdiction over the removal proceedings." *Nkomo v. Att'y Gen.*, 930 F.3d 129, 131 (3d Cir. 2019).

Just as we held in *Nkomo*, we hold now that it does not. The Immigration Court still had jurisdiction, notwithstanding the lack of information in the Notice to Appear. In addition, the BIA has broad discretion to reopen removal proceedings. It denied Guzman-Bedolla's motion to reopen, and we lack jurisdiction to review that decision. Accordingly, we will dismiss Guzman-Bedolla's petition for review.

I.    **BACKGROUND**

Guzman-Bedolla is a citizen of Mexico who initially entered the United States without inspection on April 15, 1996. **A.R. at 774.** On October 3, 2011, the Department of Homeland Security ("DHS") commenced removal proceedings against Guzman-Bedolla by serving him with a "Notice to Appear." **A.R. at 775.** This document, however, did not specify the date and time Guzman-Bedolla was scheduled to appear, but rather instructed him to appear at the Immigration Court in York, Pennsylvania "on a date to be set" and "at a time to be set." A.R. at 774. By order dated October 21, 2011, the

2

Immigration Judge originally assigned to the case transferred the venue to the Immigration Court in Philadelphia, Pennsylvania. **A.R. at 764.**

Beginning on November 4, 2011, Guzman-Bedolla began receiving additional notices to appear informing him of the date and time of master hearings before the Immigration Court. **A.R. at 762.** On April 4, 2016, Immigration Judge Morley conducted a merits hearing. **A.R. at 183–258.** On June 22, 2017, Immigration Judge Morley denied Guzman-Bedolla's applications for relief. **A.R. at 100–14.** Guzman-Bedolla timely appealed. **A.R. at 95–98.** On July 17, 2018, the BIA affirmed the Immigration Court's decision. **A.R. at 52–54.**

On November 13, 2018, Guzman-Bedolla filed a motion to reopen. **A.R. at 14.** He based that motion on (1) the Supreme Court's decision in *Pereira* and (2) an increase in the number of his qualifying relatives for cancellation of removal, from two to six, which he felt would bolster his case for exceptional and extremely unusual hardship. **A.R. at 16–17.** Guzman-Bedolla, however, had no statutory right to reopen proceedings, and the BIA denied the application to reopen the proceedings sua sponte on June 14, 2019. **A.R. at 3–4.** In denying the motion to reopen, the BIA explained first that the motion was untimely because it was filed more than 90 days after the July 17, 2018 order. *Id.* **at 3.** The BIA, however, also reached the merits of Guzman-Bedolla's motion and explained that in his case the Immigration Judge denied his application for cancellation of removal for reasons unrelated to the so-called "stop-time" rule that was the basis for the holding in *Pereira*. Accordingly, the BIA found, Guzman-Bedolla "ha[d] not established

3

how a change in law in *Pereira v. Sessions* serves as a basis for reopening his removal proceedings to allow him to reapply for cancellation of removal." A.R. at 4.

## II. JURISDICTION AND STANDARD OF REVIEW

The BIA had jurisdiction to review the Immigration Judge's removal order under 8 C.F.R. § 1003.1(b)(3). We have jurisdiction under 8 U.S.C. § 1252(a). "Where, as here, the BIA issues a written decision on the merits, we review its decision and not the decision of the [Immigration Judge]." *Baptiste v. Att'y Gen.*, 841 F.3d 601, 605 (3d Cir. 2016). We generally review the BIA's denial of a motion to reopen for abuse of discretion and will reverse if it is "arbitrary, irrational, or contrary to law." *Fadiga v. Att'y Gen.*, 488 F.3d 142, 153 (3d Cir. 2007). We exercise de novo review of the BIA's legal conclusions. *Roye v. Att'y Gen.*, 693 F.3d 333, 339 (3d Cir. 2012). We generally lack jurisdiction, however, to review the BIA's decision to deny sua sponte reopening. *Sang Goo Park v. Att'y Gen.*, 846 F.3d 645, 650–51 (3d Cir. 2017).

## III. DISCUSSION

### A. The Immigration Judge Had Jurisdiction Over Guzman-Bedolla's Removal Proceedings

Noncitizens who are subject to removal may be eligible for cancellation of removal, a form of discretionary relief available to individuals in removal proceedings who have accrued 10 years of continuous physical presence in the United States. 8 U.S.C. § 1229b(b)(1). The period of continuous physical presence ends, however, when DHS serves on any such noncitizen a notice to appear. 8 U.S.C. § 1229b(d)(1)(A). That document must contain specified information, including the time and place of the

4

initial hearing before the immigration court. *See* 8 U.S.C. § 1229(a)(1)(G).[1]

Accordingly, as the Supreme Court held in *Pereira*, a notice to appear that fails to specify the time and place of removal proceedings "is not a 'notice to appear under section 1229(a)' and therefore does not trigger the stop-time rule." 138 S. Ct. at 2110–14 (quoting 8 U.S.C. § 1229b(d)(1)(A)).

Here, Guzman-Bedolla's challenge arises under the jurisdiction-vesting regulation 8 C.F.R. § 1003.14(a), which, unlike the stop-time rule, does not implicate the list of elements in § 1229(a).[2] Instead, the regulation states, in relevant part: "[j]urisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court by [DHS]." 8 C.F.R. § 1003.14(a). The regulations further define a "charging document" as "the written instrument which initiates a proceeding before an Immigration Judge," and, as relevant here, it must include simply "a Notice to Appear." *Id.* § 1003.13. In other words, unlike a notice to appear, a qualifying charging document in this context does not have to have a specified hearing date and time. *See Nkomo*, 930 F.3d at 133 (explaining that "the jurisdiction-vesting

---

[1] The complete list of information that must be included in a notice to appear for removal proceedings under § 1229a appear at § 1229(a)(1)(A)–(G).

[2] By this same token, we find unpersuasive Guzman-Bedolla's argument that *Matter of Bermudez-Cota*, 27 I&N Dec. 441 (BIA 2018) "is erroneous because it relies upon a regulatory provision to trump a controlling statute that describes the minimum required contents for a Notice to Appear." Pet'r Br. at 5. Section 1229's requirements do not create a jurisdictional rule. *See Nkomo*, 930 F.3d at 133; *cf. Henderson v. United States*, 517 U.S. 654, 656 (1996) ("[T]he manner and timing of serving process are generally nonjurisdictional matters of 'procedure.'"). Accordingly, as to the Immigration Court's subject matter jurisdiction, Guzman-Bedolla has not pointed to any actual conflict between a regulation and a controlling statute.

5

regulation upon which [petitioner] relies does not cross-reference [§ 1229(a)]").

Accordingly, Guzman-Bedolla's jurisdictional challenge fails because the lack of a specified time and place in the Notice to Appear did not deprive the Immigration Court of jurisdiction over the case.[3]

**B.      We Lack Jurisdiction to Review the BIA's Denial of Guzman-Bedolla's Motion to Reopen**

We consider next whether we have jurisdiction to review the BIA's decision not to reopen Guzman-Bedolla's removal proceedings.  For the following reasons we do not.

The BIA has jurisdiction to consider a motion to reopen proceedings under 8 C.F.R. § 1003.2(g)(2)(i).  Where, as here, petitioner has filed an untimely motion to reopen, the BIA has sua sponte authority to reopen proceedings "as an extraordinary remedy reserved for truly exceptional situations." *In Re G-D-*, 22 I. & N. Dec. 1132, 1134 (BIA 1999).  In exercising this authority, the BIA's discretion to reopen is "functionally unreviewable." *Sang Goo Park*, 846 F.3d at 651.  We have jurisdiction to conduct such a review only under two exceptional circumstances: if the BIA (1) relied on an "incorrect legal premise," *id.*, or (2) constrained its discretion through a "settled course of adjudication," *id.* at 651–52.  Neither circumstance is present here.  Guzman-Bedolla does not direct the Court to any evidence that either is present, and the Court similarly

---

[3] We do not address Guzman-Bedolla's argument that the BIA erred in declining to find an exception to the 90-day period to file a motion to reopen because here the BIA nonetheless reached the merits of Guzman-Bedolla's motion.  This decision instead focuses on the one dispositive issue in this appeal—whether the defective Notice to Appear deprived the Immigration Court of jurisdiction over Guzman-Bedolla's removal proceedings.

has found none on its review. Accordingly, we lack jurisdiction to review the BIA's denial of his motion to reopen.

**IV.    CONCLUSION**

For the foregoing reasons, we will deny the petition for review.