

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LUIS ARTURO PARRA CAMACHO,
AKA Luis Camacho Parra,

        Petitioner,

v.

WILLIAM P. BARR, Attorney General,

        Respondent.

No.   16-71537

Agency No. A095-660-807

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 9, 2020[**]
San Francisco, California

Before: THOMAS, Chief Judge, and SCHROEDER and BRESS, Circuit Judges.

Luis Arturo Parra Camacho ("Parra") petitions for review of a decision by

the Board of Immigration Appeals ("BIA") denying his motion to reopen his

removal proceedings. We have jurisdiction under 8 U.S.C. § 1252 and we deny the

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

petition. Because the parties are familiar with the history of the case, we need not recount it here.

We review the BIA's denial of a motion to reopen removal proceedings for abuse of discretion. *Avagyan v. Holder*, 646 F.3d 672, 674 (9th Cir. 2011). We lack jurisdiction to review the BIA's refusal to reopen deportation proceedings *sua sponte* except "for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error." *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016).

The BIA did not abuse its discretion in concluding that Parra's motion to reopen was untimely because Parra filed the petition more than 90 days after the BIA's final decision, *see* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2), and the BIA properly concluded that the vacatur of Parra's prior conviction did not bring his motion within any statutory or regulatory exception to the time limit on motions to reopen, *see* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(3).

We decline to address Parra's argument, made for the first time in his reply brief, that the BIA *may* have committed an error of law that led it to believe that an exercise of its *sua sponte* power to reopen proceedings would have been futile. *See Turtle Island Restoration Network v. U.S. Dep't of Commerce*, 672 F.3d 1160, 1166 n.8 (9th Cir. 2012) ("[A]rguments raised for the first time in a reply brief are

waived.").   In any case, our "review under *Bonilla* is constricted to legal or constitutional error that is apparent on the face of the BIA's decision and does not extend to speculating whether the BIA might have misunderstood some aspect of its discretion." *See Lona v. Barr*, No. 17-70329, — F.3d —, 2020 WL 2507362, at *8 (9th Cir. May 15, 2020) (citing *Bonilla*, 840 F.3d at 588).

We deny Parra's motion to remand to the BIA to determine whether it had jurisdiction over his case under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018).  As Parra himself concedes, *Pereira* did not concern the immigration court's jurisdiction.  *See id.* at 2110.  Moreover, this Court and the BIA have already rejected the precise argument Parra makes here.  *See Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020) (distinguishing *Pereira* and holding that a notice to appear ("NTA") that otherwise complies with regulations but fails to include date, time, and location information vests jurisdiction in the immigration court); *Matter of Bermudez-Cota*, 27 I. & N. Dec. 441, 447 (BIA 2018) (an NTA that does not specify the time and place of a non-citizen's initial removal hearing still vests an immigration judge with jurisdiction over the removal proceedings so long as a notice of hearing specifying this information is later sent to the non-citizen).

We also deny Parra's motion to supplement the record on appeal.  Our review of BIA decisions is generally "confined to the administrative record before

the BIA." *Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010). We "may review out-of-record evidence only where (1) the Board considers the evidence; or (2) the Board abuses its discretion by failing to consider such evidence upon the motion of an applicant." *Id.* (quoting *Fisher v. I.N.S.*, 79 F.3d 955, 964 (9th Cir. 1996) (en banc)). Neither circumstance is present here.

**PETITION DENIED.**