**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 14, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ISAIAS JIMENEZ JUAREZ,

     Petitioner,

v.

WILLIAM P. BARR, United States
Attorney General,

     Respondent.

No. 18-9577
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **MATHESON**, and **EID**, Circuit Judges.
_____

Isaías Jiménez Juárez, a native and citizen of Mexico, petitions for review of a

final order of removal in which the Board of Immigration Appeals ("BIA") denied

his motion to remand. In that motion, Mr. Jiménez Juárez argued that he may be

eligible to apply for cancellation of removal based on the Supreme Court's decision

in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018).

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

We deny the Government's motion to continue the abatement of this matter, and we lift the abatement. Exercising jurisdiction under 8 U.S.C. § 1252(a), we grant the petition for review and remand to the BIA for further proceedings consistent with this decision.

## I. BACKGROUND

Mr. Jiménez Juárez first entered the United States without inspection in October 2006. In February 2014, the Department of Homeland Security ("DHS") instituted removal proceedings by serving a Notice to Appear ("NTA") on him. Rather than specify the date and time of the removal hearing, the NTA listed the date and time as "[t]o be set." Admin. R. at 25. About two weeks later, DHS served Mr. Jiménez Juárez with a Notice of Hearing ("NOH") directing him to appear before the Immigration Judge ("IJ") in September 2014.

Mr. Jiménez Juárez admitted the allegations in the NTA and conceded inadmissibility. He applied for asylum, restriction on removal, and protection under the Convention Against Torture ("CAT"). After the hearing, the IJ denied those requests and granted voluntary departure. Mr. Jiménez Juárez appealed the IJ's decision to the BIA. While the appeal was pending, the Supreme Court issued *Pereira*.

*Pereira* addressed the impact of a deficient NTA on the "stop-time rule." Noncitizens who are subject to removal proceedings and who have accrued 10 years of continuous physical presence in the United States may be eligible for cancellation

2

of removal. *See* 8 U.S.C. § 1229b(b)(1).[1]  Under the stop-time rule, however, the period of continuous presence ends when the government serves an NTA. *See id.* § 1229b(d)(1)(A).  *Pereira* held that when an NTA fails to designate the specific time and place of a removal proceeding, it does not trigger the stop-time rule for cancellation of removal.  138 S. Ct. at 2109-10.  As noted, Mr. Jiménez Juárez's NTA lacked that information.

Based on *Pereira*, Mr. Jiménez Juárez asked the BIA to remand his case to the IJ to pursue cancellation of removal, arguing he had accrued the requisite 10 years of continuous physical presence because his NTA was deficient.[2]

---

[1] More specifically, the Attorney General may grant cancellation of removal to a noncitizen who is subject to removal from the United States if the noncitizen

> (A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;
>
> (B) has been a person of good moral character during such period;
>
> (C) has not been convicted of an offense under [8 U.S.C. §§] 1182(a)(2), 1227(a)(2), or 1227(a)(3) . . . ; and
>
> (D) establishes that removal would result in exceptional and extremely unusual hardship to [his] spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

8 U.S.C. § 1229b(b)(1).

[2] Mr. Jiménez Juárez has two U.S. citizen children who are the qualifying relatives for purposes of establishing eligibility for cancellation of removal under § 1229b(b)(1)(D).

The BIA concluded that the NTA and the NOH, in combination, vested the IJ with jurisdiction over the removal proceedings under *In re Bermudez-Cota*, 27 I. & N. Dec. 441 (BIA 2018). Though it did not specifically analyze Mr. Jiménez Juárez's *Pereira* stop-time argument, it summarized and implicitly rejected the argument, concluding that Mr. Jiménez Juárez "cannot meet the 10-year continuous physical presence requirement for cancellation of removal," Admin. R. at 4. The BIA denied the motion to remand, upheld the IJ's finding of removability, and dismissed the appeal.

Mr. Jiménez Juárez's petition for review challenges only the BIA's ruling on his motion to remand.

## II. **DISCUSSION**

We review the BIA's legal determinations de novo and its factual findings for substantial evidence. *See Luevano v. Holder*, 660 F.3d 1207, 1211 (10th Cir. 2011). "We review the denial of a motion to remand for an abuse of discretion." *Witjaksono v. Holder*, 573 F.3d 968, 978-79 (10th Cir. 2009). The BIA abuses its discretion when it makes an error of law. *Qiu v. Sessions*, 870 F.3d 1200, 1202 (10th Cir. 2017).

Mr. Jiménez Juárez argues the BIA abused its discretion because its decision was contrary to *Pereira*. The Government counters that the BIA properly applied the stop-time rule. After briefing concluded in this appeal, we held that "the stop-time rule is not triggered by the combination of an incomplete notice to appear and a notice of hearing." *Banuelos-Galviz v. Barr*, 953 F.3d 1176, 1184 (10th Cir. 2020).

4

It "is triggered by one complete notice to appear rather than a combination of documents." *Id.* at 1178. The Government acknowledged in its recent status report that *Banuelos-Galviz* may be dispositive of the petition for review. *See* Resp't Status Report at 2 (June 24, 2020).

Although the BIA's decision focused on a jurisdictional issue that the parties did not raise and failed to analyze the stop-time argument that Mr. Jiménez Juárez did raise, it ultimately rejected his *Pereira* argument. Its conclusion that the stop-time rule applies to Mr. Jiménez Juárez conflicts with *Banuelos-Galviz* and constitutes an abuse of discretion.

## III. **CONCLUSION**

We lift the abatement of this matter, grant the petition for review, reverse the BIA's decision denying the motion to remand, and remand to the BIA to consider Mr. Jiménez Juárez's motion to remand in light of *Banuelos-Galviz.*

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge

5