# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 22, 2020

Lyle W. Cayce
Clerk

No. 19-60887
Summary Calendar

Maria De La Paz Castillo-Cruz; Kevin Abimael Ochoa-Castillo,

*Petitioners*,

*versus*

William P. Barr, *U.S. Attorney General*,

*Respondent*.

———————————

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 371 260
BIA No. A208 371 261

———————————

Before Higginbotham, Jones, and Costa, *Circuit Judges*.

Per Curiam:*

Maria De La Paz Castillo-Cruz and Kevin Abimael Ochoa-Castillo petition for review of a decision of the Board of Immigration Appeals (BIA). They challenge the denial of relief from removal on four grounds. They

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

contend that the immigration court lacked jurisdiction due to a defect with the notice to appear (NTA), that untranslated portions in the transcript of the hearing before the immigration judge (IJ) made a complete understanding of the transcript impossible, that they established a well-founded fear of future prosecution based on either an imputed political opinion or membership in a particular social group, and that they qualify for relief under the Convention Against Torture (CAT).

The BIA's factual findings are reviewed for substantial evidence. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Under substantial evidence review, "this court may not reverse the BIA's factual findings unless the evidence compels it." *Wang v. Holder*, 569 F.3d 531, 536–37 (5th Cir. 2009); 8 U.S.C. § 1252(b)(4)(B). The alien "must show that the evidence was so compelling that no reasonable factfinder could conclude against it." *Id.* By contrast, this court reviews the BIA's legal determinations de novo, "including whether the Board applied an inappropriate standard or failed to make necessary findings." *Iruegas-Valdez v. Yates*, 846 F.3d 806, 810 (5th Cir. 2017). If this court determines that the BIA applied an inappropriate standard or neglected necessary findings, the court will vacate the decision and remand to the BIA. *Id.* at 811, 813.

We cannot reach Castillo-Cruz and Ochoa-Castillo's first argument, which is that the immigration court lacked jurisdiction due to the fact that the initial NTA did not include the time and place of the hearing, as they failed to exhaust the issue by raising it with the BIA. *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), on which they rely, was decided before they filed their brief on appeal to the BIA. They could have raised *Pereira* before the BIA on appeal. *See Omari v. Holder*, 562 F.3d 314, 318 (5th Cir. 2009); *see, e.g.*, *Matter of Bermudez-Cota*, 27 I. & N. Dec. 441 (BIA 2018) (addressing *Periera* issue). Because the issue was not exhausted, we lack jurisdiction to consider it. *See Omari v. Holder*, 562 F.3d 314, 317 (5th Cir. 2009).

Next, Castillo-Cruz and Ochoa-Castillo fail to show that the errors in the immigration hearing transcript require remand.  Aliens are entitled to the due process of law under the Fifth Amendment in deportation proceedings. *Vetcher v. Barr*, 953 F.3d 361, 369–70 (5th Cir. 2020), *petition for cert. filed* (U.S. June 26, 2020) (No. 19-1437).  To succeed on a due process claim, an alien must make an initial showing of substantial prejudice.  *Okpala v. Whitaker*, 908 F.3d 965, 971 (5th Cir. 2018).  Castillo-Cruz and Ochoa-Castillo have failed to show substantial prejudice, as the meaning of the eight untranslated words in the transcript are clear from context.  *See id*.

Furthermore, Castillo-Cruz and Ochoa-Castillo have failed to show that they have established a well-founded fear of future persecution, either on account of an imputed political opinion or due to membership in a particular social group.  They argued that the MS-13 gang had imputed an anti-gang political opinion onto Ochoa-Castillo, and alternatively that Ochoa-Castillo belonged to the particular social group of child soldiers from Honduras.

The imputed political opinion argument fails because the petitioner "has to establish that the record . . . compels the conclusion that he has a well-founded fear that the [gang] will persecute him because of that political opinion, rather than because of his refusal to fight with them."  *I.N.S. v. Elias-Zacarias*, 502 U.S. 478 (1992) (internal quotations omitted).  Under the substantial evidence standard, Castillo-Cruz and Ochoa-Castillo have failed to meet this burden.  *See id*.; *Wang,* 569 F.3d at 536–37.

The particular social group argument also fails.  We have rejected as a particular social group young men who seek to resist gang recruitment. *Orellana-Monson v. Holder*, 685 F.3d 519, 521 (5th Cir. 2012). The IJ's and BIA's rejection of the proposed social group of child soldiers from Honduras is supported by substantial evidence, as Castillo-Cruz and Ochoa-Castillo

make no argument that Ochoa-Castillo ever was an actual child soldier. *See Wang*, 569 F.3d at 536–37. Because they cannot make the showing to obtain asylum, *Castillo-Cruz* and *Ochoa-Castillo* cannot make the higher showing necessary to obtain withholding of removal. *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).

Finally, a claim under the CAT is separate from claims for asylum and withholding of removal and require a separate analysis. *Efe*, 293 F.3d at 906. The burden of proof is on the petitioner "to establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16.

Torture is "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted . . . when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity. 8 C.F.R. § 1208.18(a)(1). The regulations also state that "[t]orture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture." 8 C.F.R. § 1208.18(a)(2). Accordingly, relief requires a two-part analysis: (1) is it more likely than not that the alien will be tortured upon return to his homeland; and (2) is there sufficient state action involved in that torture. *Tamara-Gomez*, 447 F.3d at 350–51. An applicant "may satisfy his burden of proving acquiescence by demonstrating "a government's willful blindness of torturous activity." *Iruegas-Valdez*, 846 F.3d at 812 (citations omitted).

The IJ found no particularized threat of torture and determined that Castillo-Cruz and Ochoa-Castillo had failed to show that it was more likely than not that they would be tortured if they were returned to Honduras. The

No. 19-60887

findings of the IJ and BIA are supported by substantial evidence. *See Wang*, 569 F.3d at 536–37.

In conclusion, Castillo-Cruz's and Ochoa-Castillo's argument that the immigration court lacked jurisdiction due to a defective NTA is DISMISSED. The petition for review otherwise is DENIED.