# Matter of Cecilia Mabel VIERA-GARCIA, Respondent
# Matter of Odin Isaac ORDONEZ-VIERA, Respondent

*Decided January 26, 2021*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Where a notice to appear fails to specify the time or place of a respondent's initial removal hearing, the subsequent service of a notice of hearing specifying this information perfects the notice to appear and ends the accrual of physical presence for purposes of voluntary departure at the conclusion of removal proceedings pursuant to section 240B(b) of the Immigration and Nationality Act, 8 U.S.C. § 1229c(b) (2018).

FOR RESPONDENT:  Christopher R. Carlston, Esquire, Dallas, Texas

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Joshua S. Levy, Assistant Chief Counsel

BEFORE:  Board Panel:  WILSON and GOODWIN, Appellate Immigration Judges; DONOVAN, Temporary Appellate Immigration Judge.

WILSON, Appellate Immigration Judge:

In a decision dated July 25, 2018, an Immigration Judge denied the respondents' request for voluntary departure at the conclusion of their removal proceedings pursuant to section 240B(b) of the Immigration and Nationality Act, 8 U.S.C. § 1229c(b) (2018).  The appeal will be sustained, and the record will be remanded for further proceedings.

## I.  FACTUAL AND PROCEDURAL HISTORY

The respondents are a mother and son who are natives and citizens of El Salvador.  The female respondent credibly testified that her mother paid $10,000 to a smuggler to help them enter the United States.  The respondents arrived in this country on or about May 1, 2014, without being admitted or paroled.  On May 3, 2014, they were served with notices to appear, ordering them to appear before an Immigration Judge in Harlingen, Texas, at a time and date "to be set."

On May 4, 2015, notices of hearing were served on both of the respondents, providing them with the date, time, and place of their first removal hearing.  At that hearing, the respondents orally requested voluntary

departure at the conclusion of their proceedings.[1]  In light of the Supreme Court's holding in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), the respondents argued that their notices to appear, which failed to specify the date and time of their hearing, were not "notices to appear" under section 239(a) of the Act, 8 U.S.C. § 1229(a) (2012), and thus did not end their period of physical presence for purposes of voluntary departure under section 240B(b) of the Act.

The Immigration Judge determined that *Pereira*'s holding was explicitly limited to the application of the so-called "stop-time" rule in section 240A(d)(1) of the Act, 8 U.S.C. § 1229b(d)(1) (2012), which terminates the period of continuous physical presence for purposes of cancellation of removal under section 240A of the Act.  Noting that the "stop-time" rule does not extend to requests for voluntary departure under section 240B(b) of the Act, the Immigration Judge denied voluntary departure after finding that the respondents were not physically present in the United States for a period of at least one year immediately preceding the date they were served with notices to appear.  *See* section 240B(b)(1)(A) of the Act.  In the alternative, the Immigration Judge denied the respondents' request for voluntary departure as untimely and in the exercise of discretion.

## II.  ANALYSIS

To be eligible for voluntary departure under section 240B(b) of the Act, a respondent must demonstrate, among other things, that he or she "has been physically present in the United States for a period of at least one year immediately preceding the date the notice to appear was served under section 239(a) [of the Act]."  Section 240B(b)(1)(A) of the Act.  In turn, section 239(a)(1)(G)(i) of the Act requires that a "notice to appear" specify "the time and place at which" the initial removal hearing "will be held."

The issue in this case is whether a notice to appear that does not specify the time or place of the initial removal hearing, as required by section 239(a)(1)(G)(i) of the Act, can end the accrual of physical presence for purposes of section 240B(b)(1)(A) of the Act.  This is a legal question which we review de novo.  8 C.F.R. § 1003.1(d)(3)(ii) (2020).

In *Pereira*, 138 S. Ct. at 2114, the Supreme Court discussed the "narrow question" of whether service of a "notice to appear" that "fails to designate the specific time or place" of a removal hearing triggers the "stop-time" rule under section 240A(d)(1)(A) of the Act.  That provision states, in pertinent part, that, for purposes of cancellation of removal, "any period of continuous

---

[1]  The respondent also filed applications for relief from removal, which the Immigration Judge denied.  Because the respondents are not challenging the Immigration Judge's decision to deny these applications for relief, we will not address them further.

. . . physical presence in the United States shall be deemed to end . . . when the alien is served a notice to appear under section 239(a) [of the Act]." Section 240A(d)(1)(A) of the Act. The Supreme Court concluded that, under the plain language of the Act, a notice to appear that fails to specify the time and place of a removal hearing does not end the period of continuous physical presence under section 240A(d)(1) of the Act. *Pereira*, 138 S. Ct. at 2110. The Court explained that "the Government has to provide noncitizens 'notice' of . . . the 'time' and 'place[]' [to] enable them 'to appear' at the removal hearing in the first place," and thus a notice to appear under section 239(a) of the Act must specify this information. *Id.* at 2115.

After *Pereira*, we have considered arguments that the Supreme Court's holding applies to cases that do not involve the "stop-time" rule, but we have declined to expand the Court's narrow holding. In so doing, we have distinguished *Pereira*, recognizing that the primary issue we must consider is when a respondent receives notice of the time and place of his or her removal proceedings. *Id.* ("[C]ommon sense compels the conclusion that a notice that does not specify when and where to appear for a removal proceedings is not a 'notice to appear' . . . .").

For instance, in *Matter of Bermudez-Cota*, 27 I&N Dec. 441, 447 (BIA 2018), we concluded that, where the notice to appear does not specify the time or place of an alien's initial removal hearing, the statutory notice requirement in section 239(a) of the Act can be sufficiently met with a "two-step notice process." The first step, of course, is service of the notice to appear. As to the second step, we determined that a deficient notice to appear that fails to specify the time or place of the hearing is perfected when a subsequent notice of hearing specifying this information is sent to the respondent.

Following *Bermudez-Cota*, we issued *Matter of Mendoza-Hernandez and Capula-Cortes*, 27 I&N Dec. 520, 529 (BIA 2019), in which we continued to rely on the two-step notice process to comply with the statutory requirements of section 239(a) of the Act. In that case, we concluded that, "where a notice to appear does not specify the time or place of an alien's initial removal hearing, the subsequent service of a notice of hearing containing that information perfects the deficient notice to appear . . . and ends the alien's period" of continuous physical presence pursuant to the "stop-time" rule at section 240A(d)(1) of the Act. *Id.*; *see also Yanez-Pena v. Barr*, 952 F.3d 239, 246 (5th Cir. 2020) (deferring to our holding in *Mendoza-Hernandez and Capula-Cortes*).

Under section 240B(b)(1)(A) of the Act, the accrual of physical presence is deemed to end when a "notice to appear was served under section 239(a)." Consistent with our holdings in *Bermudez-Cota* and *Mendoza-Hernandez and Capula-Cortes*, we conclude that a notice to appear that fails to specify

the time or place of the removal hearing, as required by section 239(a) of the Act, cannot, by itself, end the period of physical presence for purposes of section 240B(b)(1)(A) of the Act. However, consistent with these holdings, a two-step notice process applies to determining when a deficient notice to appear has been perfected, and thus ends the period of physical presence described in section 240B(b)(1)(A) of Act. Therefore, where a notice to appear fails to specify the time or place of a respondent's initial removal hearing, the subsequent service of a notice of hearing specifying this information perfects the notice to appear, satisfies the notice requirements under section 239(a) of the Act, and ends the accrual of physical presence for purposes of voluntary departure at the conclusion of removal proceedings pursuant to section 240B(b) of the Act.[2]

The respondents were served with putative notices to appear on May 3, 2014. Although these notices to appear specified the place of their hearing, they did not specify the date and time of their hearing as required by section 239(a) of the Act. They were therefore deficient and did not, on their own, end the respondents' accrual of physical presence under section 240B(b)(1)(A) of the Act. In light of the foregoing, and consistent with *Bermudez-Cota* and *Mendoza-Hernandez and Capula-Cortes*, we must look to the date they were served with notices of hearing to determine when the respondents stopped accruing physical presence for purposes of voluntary departure under section 240B(b) of the Act.

On May 4, 2015, notices of hearing, specifying the time and place of their removal proceedings, were served on the respondents. Thus, the respondent stopped accruing continuous physical presence for purposes of section 240A(b)(1)(A) of the Act on May 4, 2015. Because the respondents entered the United States on May 1, 2014, they have demonstrated that they were physically present in the United States for a period of at least one year pursuant to section 240B(b)(1)(A) of the Act. We will therefore reverse the Immigration Judge's conclusion that the respondents did not demonstrate the requisite period of physical presence for purposes of voluntary departure under section 240B(b) of the Act.

The Immigration Judge also erred in determining that the respondents' request for voluntary departure was untimely. In his decision, the Immigration Judge states that he set a deadline for all forms of relief and that

---

[2]   We recognize that the United States Court of Appeals for the Third Circuit and Tenth Circuit have not adopted the two-step notice process we outlined in *Mendoza-Hernandez and Capula-Cortes*. *See Banuelos v. Barr*, 953 F.3d 1176, 1178–79 (10th Cir. 2020); *Guadalupe v. Att'y Gen. U.S.*, 951 F.3d 161, 165 (3d Cir. 2020). In those circuits only, a notice to appear must comply with all the statutory requirements of section 239(a) of the Act before its service will end the period of physical presence under section 240B(b)(1)(A) of the Act.

the respondents requested voluntary departure after this deadline had passed. However, a review of the record indicates that the Immigration Judge did not set such a deadline. Therefore, the Immigration Judge erred when he found that the respondents' request for voluntary departure at the conclusion of their proceedings was untimely.

We will also reverse the Immigration Judge's decision to deny the respondents' request for voluntary departure in the exercise of discretion. The Immigration Judge determined that the respondents did not merit voluntary departure in the exercise of discretion after considering both positive and negative factors. One negative factor the Immigration Judge cited was that the female respondent paid a smuggler $10,000 to help her and her son enter the United States. However, the female respondent credibly testified that she did not pay the smuggler. Instead, her mother paid and arranged for the smuggler to bring the respondents to this country. Thus, the Immigration Judge's discretionary analysis is premised on a factual error.

The significance of this factual error to the discretionary analysis may depend on the respondents' knowledge of and involvement in the smuggling scheme. Thus, in light of the Immigration Judge's factual error, we will remand the record for the Immigration Judge to make further findings and render a new decision as to whether the respondents merit voluntary departure in the exercise of discretion. If the Immigration Judge makes a positive discretionary finding, he should also assess whether the respondents have satisfied the other statutory requirements for voluntary departure under sections 240B(b)(1)(B) through (D) of the Act. On remand, the Immigration Judge should allow both parties to submit arguments and evidence concerning the respondents' eligibility for relief. Accordingly, the respondents' appeal is sustained, and the record is remanded for further proceedings.

**ORDER:** The respondents' appeal is sustained.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.