# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 4, 2021

Lyle W. Cayce
Clerk

No. 19-60919

Jorge Alexander Arevalo-Martinez,

*Petitioner,*

*versus*

Merrick Garland, U.S. Attorney General,

*Respondent.*

Petition for Review of an Order of
the Board of Immigration Appeals
BIA No. A200 133 068

Before Stewart, Costa, and Willett, *Circuit Judges*.

Per Curiam:*

Jorge Alexander Arevalo-Martinez petitions for review an order of the
Board of Immigration Appeals ("BIA"), arguing that the immigration court
lacked jurisdiction and that he did not receive proper notice of his initial

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5th Circuit Rule 47.5.4.

removal proceeding. Since the BIA's decision rests on substantial evidence, the petition for review is DENIED.

## I. FACTUAL AND PROCEDURAL HISTORY

Jorge Alexander Arevalo-Martinez is a native and citizen of El Salvador. He entered the United States without inspection on or about September 9, 2005, near Eagle Pass, Texas. He was apprehended by border patrol agents on the same day, and he was released on his own recognizance the next day.

On September 11, 2005, Arevalo-Martinez was personally served with a notice to appear ("NTA") that did not contain the date and time of his removal hearing. The NTA stated that Arevalo was "required to provide the INS, in writing, with [his] full mailing address and telephone number." The NTA warned Arevalo-Martinez that if he failed to provide an address, the Government "[was] not [] required to provide [him] with written notice of [his] hearing." Arevalo-Martinez signed the NTA and waived his right to a 10-day waiting period prior to his hearing. Shortly after his release, Arevalo-Martinez left Texas and moved to California to be with his pregnant girlfriend.

On November 16, 2005, DHS commenced removal proceedings against Arevalo-Martinez by filing an NTA charging him as removable under 8 U.S.C. § 1182(a)(6)(A)(i). Arevalo-Martinez did not appear at the hearing. On November 30, 2005, the Immigration Judge ("IJ") entered an in absentia removal order against Arevalo-Martinez and indicated that notice of the removal hearing "was not given to the respondent because the respondent failed to provide the court with his[] address as required . . . ." The IJ ordered Arevalo-Martinez removed to El Salvador.

On August 18, 2018, ICE detained Arevalo-Martinez. He filed a motion to vacate the in absentia order and terminate proceedings. A different

IJ granted Arevalo-Martinez's motion to vacate the order and terminated the removal proceedings on August 22, 2018. The DHS did not oppose the motion, but it appealed the decision to the BIA.

The BIA sustained the appeal and affirmed the November 2005 absentia order of removal, concluding that Arevalo-Martinez failed to provide his address as required and was thus not entitled to notice of his removal hearing. The BIA further noted that *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), does not support termination of the proceedings considering *Matter of Bermudez-Cota*, 27 I & N Dec. 441, 447 (BIA 2018), wherein the BIA held that a NTA without a date and time does vest the IJ with jurisdiction as long as a notice of hearing specifying this information is later sent to the alien. This appeal follows.

## II. STANDARD OF REVIEW

The IJ's and the BIA's factual findings are reviewed for substantial evidence. *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007). The substantial evidence standard requires that the decision (1) be based on the evidence presented and (2) be substantially reasonable. *Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013). Under the substantial evidence standard, this court may not reverse a factual finding unless the evidence "compels" such a reversal—i.e., the evidence must be "so compelling that no reasonable factfinder could conclude against it." *Wang v. Holder*, 569 F.3d 531, 536–37 (5th Cir. 2009). It is the petitioner's burden to demonstrate that the evidence compels a contrary conclusion. *Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005). Legal questions are reviewed de novo. *Zhu*, 493 F.3d at 594.

## III. DISCUSSION

Arevalo-Martinez argues that the BIA erred in affirming the 2005 order of removal because the NTA from September 11, 2005 omitted the date

and time of his hearing[1] and was therefore defective. Since the NTA was defective, he contends that the IJ did not have jurisdiction to enter the order for an in-absentia removal and that he did not have proper notice of his removal proceedings. We disagree.

## A. IJ's Jurisdiction

The IJ's authority to conduct removal proceedings begins when a "charging document" is filed with the immigration court. 8 C.F.R. § 1003.14(a). "[A] notice to appear is sufficient to commence proceedings even if it does not include the time, date, or place of the initial hearing." *Pierre-Paul v. Barr*, 930 F.3d 684, 693 (5th Cir. 2019), *cert denied*, 140 S. Ct. 2718 (2020), *abrogated in part on other grounds by Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021). Under *Pierre-Paul*, the September 2005 NTA was sufficient to confer jurisdiction on the immigration court even though the NTA failed to include the time and date for Arevalo-Martinez's hearing.

In Arevalo-Martinez's view, *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), alters the analysis and supports the termination of his removal proceedings. Title 8 U.S.C. § 1229b(b)(1) allows the Attorney General to cancel the removal of a nonpermanent resident if the person has, *inter alia*, "been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application." That continuous period terminates when the nonpermanent resident "is served a notice to appear under section 1229(a) . . . ." 8 U.S.C. § 1229b(d)(1)(A). In *Pereira*, the Court held that a purported notice to appeal that "fails to specify either the time or place of [] removal proceedings" does not trigger the stop-time rule under 8 U.S.C. § 1229b(b)(d)(1)(A). *Pereira*, 138 S. Ct. at 2110.

---

[1] Arevalo-Martinez incorrectly claims that the NTA omitted the location of his hearing as well. The location is printed on the NTA.

No. 19-60919

Arevalo-Martinez argues that the same principle applies here, namely that the September 2005 NTA was defective because it omitted the date and time of his hearing. Though he argues that *Pereira* altered NTA requirements from *Pierre-Paul*, *Pierre-Paul* was decided in light of and after *Pereira*. *See Pierre-Paul*, 930 F.3d at 689–690. We have already rejected the argument that Arevalo-Martinez now presents. *See Pierre-Paul*, 930 F.3d at 690. ("Even though [the] notice to appear did not include the time and date of [the] initial hearing, the regulations do not require this information."). We also find it instructive that "the overwhelming chorus of our sister circuits [] have already rejected similar *Pereira*-based challenges." *Id.* at 689.

Even if Arevalo-Martinez is correct that his NTA was deficient, we have already determined that 8 C.F.R. § 1003.14 is a claim-processing rule rather than a jurisdictional bar. *Id.* at 691. Arevalo-Martinez's argument that the September 2005 NTA did not confer jurisdiction on the IJ is therefore incorrect.

## *B. Notice*

Arevalo-Martinez next argues that even if the IJ had jurisdiction, his removal proceedings should be terminated because he did not receive proper notice. We disagree.

Title 8 C.F.R. § 1003.18(b) instructs that an NTA should include "the time, place and date of the initial removal hearing, where practicable" but "[n]o such notice shall be required for an alien not in detention if the alien has failed to provide the address required . . . ." Moreover, "if the alien fails to provide a mailing address in accordance with the statutory requirements, he is not entitled to written notice of his removal hearing." *Mauricio-Benitez v. Sessions*, 908 F.3d 144, 147 (5th Cir. 2018).

The record indicates that Arevalo-Martinez did not provide a mailing address. Though he now claims that he provided an address that he cannot

5

No. 19-60919

recall, we conclude that the BIA's decision was supported by substantial evidence.

## IV. CONCLUSION

For the aforementioned reasons, the petition for review is DENIED.