**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

———————————————————

FILED
United States Court of Appeals
Tenth Circuit

**March 17, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

PANFILO CASTELAN-CRUZ,

  Petitioner,

v.

MERRICK B. GARLAND,
United States Attorney General,

  Respondent.

No. 21-9537
(Petition for Review)

———————————————————

**ORDER AND JUDGMENT**[*]

———————————————————

Before **PHILLIPS**, **BALDOCK**, and **EID**, Circuit Judges.

———————————————————

Panfilo Castelan-Cruz petitions for review of a decision by the Board of

Immigration Appeals (BIA) denying his motion to terminate removal proceedings.

Exercising jurisdiction under 8 U.S.C. § 1252(a)(1), we dismiss the petition in part

and deny it in part.

———————————

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

Petitioner is a native and citizen of Mexico.  The Department of Homeland Security (DHS) served him with a Notice to Appear (NTA) on August 3, 2015.  The NTA charged him with removability as a noncitizen present without admission or parole, *see* 8 U.S.C. § 1182(a)(6)(A)(i), and required him to appear before an immigration judge (IJ) in an Aurora Immigration court on "a date to be set" at "a time to be set."  R. at 206.  The immigration court later issued a notice of hearing specifying a date and time for the appearance in August 2015.

Petitioner appeared at this hearing, admitted the facts in the NTA other than the alleged arrival date (the NTA asserted he arrived in August 2015, but Petitioner asserted he arrived in June 2004), and admitted to his removability as charged.  The IJ therefore found DHS had established Petitioner's removability by clear and convincing evidence.  At a second hearing in September 2015, Petitioner applied for cancellation of removal under 8 U.S.C. § 1229b(b)(1).  At a third hearing, this time in a Denver immigration court, Petitioner requested that the IJ set his application for cancellation of removal for a merits hearing.  The IJ set the merits hearing for October 5, 2018.

Before the merits hearing, the Supreme Court decided *Pereira v. Sessions*, 138 S. Ct. 2105 (2018).  Petitioner then filed a motion to terminate proceedings in which he argued that, under *Pereira*, because his NTA did not specify a date certain for the first hearing before the IJ, the immigration court lacked jurisdiction and could not continue the removal proceedings.  The IJ denied the motion, concluding, based

on *Matter of Bermudez-Cota*, 27 I. & N. Dec. 441, 447 (B.I.A. 2018), that the defective NTA did not implicate the immigration court's jurisdiction. Petitioner filed a second motion to terminate in which he argued the BIA wrongly decided *Bermudez-Cota* and that, alternatively, DHS's failure to comply with regulations required termination of the proceedings.

In October 2018, Petitioner appeared before the IJ for his merits hearing. He conceded he could not meet his burden to show exceptional and extremely unusual hardship to support his application for cancellation of removal, but he argued the court should grant his second motion to terminate in light of *Pereira*. Petitioner also argued that, apart from the jurisdictional issue, the defective NTA deprived him of his Fifth Amendment right to due process. The IJ denied the second motion to terminate, concluding *Bermudez-Cota* was binding and Petitioner's presence at each of four prior hearings undermined any assertion of inadequate notice. The IJ then found Petitioner had not carried his burden for cancellation of removal.

Petitioner timely filed a notice of appeal to the BIA. In his agency appeal, Petitioner did not raise his due process or claims-processing objections but argued the IJ "erred as a [m]atter of [l]aw by finding . . . that the Immigration Court had jurisdiction over [Petitioner]." R. at 32.

The BIA dismissed Petitioner's appeal and concluded the IJ had jurisdiction in light of *Bermudez-Cota*. This petition followed.

## DISCUSSION

Because the BIA decision was issued by a single board member, we review it "as the final agency determination and limit our review to issues specifically addressed therein." *Diallo v. Gonzales*, 447 F.3d 1274, 1279 (10th Cir. 2006). We consider legal questions de novo. *Elzour v. Ashcroft*, 378 F.3d 1143, 1150 (10th Cir. 2004).

Petitioner presents one issue for review, asserting the BIA "erred as a matter of law by affirming the IJ's denial of [his] motion to terminate proceedings due to a defective NTA." Pet'r's Opening Br. at 4. But to the extent Petitioner is once again pressing his jurisdictional argument, circuit precedent forecloses it. *See Martinez-Perez v. Barr*, 947 F.3d 1273, 1278 (10th Cir. 2020) ("[W]e agree with the several circuits that have held that the requirements relating to notices to appear are non-jurisdictional, claim-processing rules.").

"We are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court." *United States v. Meyers*, 200 F.3d 715, 720 (10th Cir. 2000) (italics omitted). Petitioner points to no such en banc reconsideration or superseding contrary decision here. He invokes *Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1480 (2021), in which the Supreme Court held that to invoke the stop-time rule the government must serve an alien with an NTA consisting of a single document specifying a hearing time and place. But nothing in *Niz-Chavez* calls into doubt our conclusion in *Martinez-Perez* that these requirements are non-jurisdictional.

To the extent Petitioner now attempts to recast his arguments based on *Pereira* and *Niz-Chavez* not as challenges to the jurisdiction of the immigration court but as claims-processing or due-process objections, we lack jurisdiction to consider them because he did not exhaust such objections before the BIA.  *See*  8 U.S.C. § 1252(d)(1); *Vicente-Elias v. Mukasey*, 532 F.3d 1086, 1094 (10th Cir. 2008) ("[O]bjections to procedural errors or defects that the BIA could have remedied must be exhausted even if the alien later attempts to frame them in terms of constitutional due process on judicial review.").

## CONCLUSION

We deny in part and dismiss in part the petition for review.

Entered for the Court

Allison H. Eid
Circuit Judge